MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JULIA HEANEY
302 351 9221
302 425 3004 FAX
jheaney@mnat.com

March 12, 2007

By E-Filing

The Hon. Mary Pat Thynge
Magistrate Judge
United States District Court
844 N. King Street
Wilmington, DE 19801

   Re: Roquette Freres v. SPI Pharma, Inc. & Drytec Ltd.
     C.A. No. 06-540 (***)

Dear Magistrate Thynge:

  In connection with the status conference scheduled for 2:00 pm today in the above-captioned case, enclosed is the parties' Joint Proposed Scheduling Order.

           Respectfully,

           */s/ Julia Heaney*

           Julia Heaney

/cbh
cc: John W. Shaw, Esq. (by email)
761718.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
ROQUETTE FRERES                                :
                                               :
            Plaintiff,                         :      C. A. No. 06-540 (***)
                                               :
      v.                                       :
                                               :      JURY TRIAL DEMANDED
SPI PHARMA, INC. and                           :
DRYTEC LTD.                                    :
                                               :
            Defendants.                        :
                                               :
---------------------------------------------------------------x

### [Proposed] SCHEDULING ORDER

At Wilmington this _____ day of _____, 2007.

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on March 12, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 19, 2007.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before May 19, 2007.

3. **Discovery**:

    a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 45 hours of taking witness testimony by deposition upon oral examination. Subject to the rights of either party, additional deposition hours may be requested for good cause shown.

    b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made on order of the Court. A defendant who becomes a counterclaimant, cross-claimant or third-party plaintiff shall be considered as having filed an action in this court for the purpose of this provision. Counsel will make arrangements to accommodate any witness in terms of the location of deposition.

    c. <u>Discovery Cut-Off</u>. All discovery in this case shall be initiated so that it will be completed on or before December 21, 2007.

    d. <u>Disclosure of Expert Testimony</u>.

The parties shall exchange their initial Federal Rule 26(a)(2) disclosures of expert testimony on the subjects on which they have the burden of proof on September 28, 2007, and exchange supplemental disclosures to contradict or rebut evidence on the same subject matter identified by another party by October 26, 2007.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow*

*Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        e.    <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, they shall jointly contact the Court to schedule a time for an office or telephonic conference to review the matter.  **No later than 5:00 p.m. Eastern Time on the third business day** before the conference, counsel **may** e-file a <u>**TWO PAGE LETTER**</u>, exclusive of exhibits, describing the issue(s) in contention.  **Motions e-filed pursuant to Fed. R. Civ. 26 or 37 without benefit of the above-described informal procedure shall be denied.**  If counsel for a party believes that a discovery dispute requires resolution on an urgent basis, counsel may contact the Court and request a more immediate office or telephonic conference.

        4.    **<u>Confidential Documents</u>**:  Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order.

    Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  In the event that a Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose Confidential Information that was so designated by a Designating Party, the Receiving Party subpoenaed or served as referred to in this paragraph shall object to production of the Confidential Information and shall give prompt written notice to the Designating Party.  Should the person seeking access to the Confidential Information take action against the Receiving party to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order.  Nothing in this Order shall be construed as requiring the Receiving Party to challenge or appeal any

order requiring production of Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

If a party contends that information sought in discovery is confidential and the parties have not agreed on the terms of an appropriate protective order, until a protective order is entered, disclosure of that information shall be limited to trial counsel who have entered an appearance and, where appropriate, have been admitted *pro hac vice*, and to such other persons as the parties may agree.

5. **Interim Status Report**: On June 13, 2007, counsel shall e-file a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

6. **Status Conference**: On June 27, 2007, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at _____ _.m. Plaintiff's counsel shall initiate the telephone call. At the time of this teleconference, counsel shall also be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients. Counsel are to advise the Court by joint letter if this conference is not necessary.

7. **Case Dispositive Motions**: All case dispositive motions and an opening brief or memorandum of points and authorities and affidavits, if any, in support of the motion shall be served and e-filed on or before January 31, 2008. Responding briefs and affidavits, if any, shall be served and filed on or before March 3, 2008. Reply briefs and affidavits, if any, shall be served and filed on or before March 17, 2008. Briefing and page restrictions shall be according to the Court's Local Rules.

8. **Applications by Motion**: Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion and e-filed.

4

Counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Tutorial Describing the Technology and Matters in Issue**: The parties shall provide the Court by [**date to be determined**], a tutorial on the technology at issue. In that regard, each party may submit a videotape of not more than 30 minutes or may choose to present the tutorial in person. In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions. If the parties choose to file videotapes, they should be e-filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be e-filed within ten (10) days of submission of the videotapes or presentation of the tutorial. The parties will notify each other by [**date to be determined**] of their choice of format for that party's tutorial.

10. **Claim Construction Matters**: The parties shall contemporaneously e-file and exchange initial briefs on claim construction issues on [**date to be determined**]. The parties' answering/responsive briefs shall be e-filed and exchanged contemporaneously on [**date to be determined**]. No reply briefs or supplemental papers on claim construction shall be e-filed without leave of the Court. The initial briefs shall be limited to **thirty (30) pages** and the answering/responsive briefs shall be limited to **fifteen (15) pages**. Any exhibits and/or appendices shall be limited to **fifty (50) pages**, exclusive of the patent, the patent specification and prosecution history.

The claim construction hearing is scheduled for [**date to be determined**] beginning at \_\_\_\_\_ m.

5

At least **ten (10) business days** before the initial briefs are due, the parties are to provide a joint submission which is limited to and identifies for the Court the terms/phrases of the claim(s) in issue, and includes each party's proposed construction of the disputed terms/phrases with citation(s) to the **intrinsic evidence** only in support of their respective proposed construction. A copy of the patent(s) in issue are to be attached. In this joint submission, the parties shall not provide any argument.

11. **Pretrial Conference**: On _____, 2008, the Court will hold a Rule 16(d) final pretrial conference in Chambers with counsel beginning at _____.m. No less than **twenty-one (21) days** before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendants' counsel a draft of the pretrial order with the information plaintiff proposes to include in the draft. Within **five (5) business days** from the date of receiving the draft, defendants' counsel shall, in turn, provide plaintiff's counsel with comments on the plaintiff's draft and the information defendants propose to include in the proposed order.

Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the Pretrial Disclosure Requirement of Fed. R. Civ. P. 26(a)(3). Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1, the parties shall confer and make every reasonable effort to resolve objections, so that a joint filing of the proposed *voir dire*, instructions to the jury, and special verdict forms or special interrogatories may occur. Any objections or counter proposed *voir dire*, jury instructions, special verdicts or interrogatories shall be included with these submissions.

The parties shall e-file the joint proposed final pretrial order, *voir dire*, instructions to the jury, verdict forms or special interrogatories, consistent with the requirements of this Order and the Final Pretrial and Trial Management Order, no later than **ten (10) full**

**business days** before the final pretrial conference. A courtesy copy for the Magistrate Judge is to be left at the Clerk's Office.

    12. **Trial**: This matter is scheduled for a ___ day jury trial beginning at **9:00 a.m.** on _____, 2008. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 36 hours to present their case.

    13. To the extent this order allows or the Court specifically requests or authorizes any copies of papers to be provided to Chambers, **no originals** of such papers shall be provided. Any copy for Chambers shall be delivered to the Clerks' Office.

                                       _____
                                       UNITED STATES DISTRICT JUDGE

761760.1