IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROQUETTE FRÈRES, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) C.A. No. 06-540 (***) <br> ) |
| SPI PHARMA, INC. and DRYTEC LTD., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**[PROPOSED] PROTECTIVE ORDER**

It appearing that certain information subject to discovery in this action will include trade secrets or otherwise be confidential, and the parties having agreed to the provisions of this Order; NOW, THEREFORE, in the interest of permitting discovery to proceed,

IT IS HEREBY STIPULATED and ORDERED that:

1. Any document or thing reasonably regarded by the producing party, which may or may not be a party to this suit, as containing confidential information may be marked "CONFIDENTIAL" under the terms of this Protective Order. As a general guideline, confidential information or materials designated as "CONFIDENTIAL" shall be those things that may be produced to the parties for the purposes of this litigation, but which are of a non public proprietary, business or technical nature that might be of value to a competitor, potential customer, or vendor of the party, or holding the proprietary rights thereto, and should be protected from disclosure to such individuals or entities and/or third parties.

2. In the event that a producing party, through inadvertence, produces or provides documents, things or other information without correctly designating the information as "CONFIDENTIAL" as provided in this Protective Order, the producing party may give written

notice to the receiving party that the documents, things or other information contain confidential information and shall be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such information as "CONFIDENTIAL" from the date such notice is received. Upon receipt of such notice, and upon receipt of properly marked documents, things or other information, the receiving party shall return or destroy said unmarked or incorrectly marked documents, things or other information and not retain copies thereof. Upon notice to the receiving party of such failure to designate, the receiving party shall reasonably cooperate to correct any disclosure that may have been made to maintain the confidentiality of the inadvertently disclosed information.

3. Any document or things marked as "CONFIDENTIAL" may be used solely for purposes of this action and may be disclosed by the receiving party only to (i) outside counsel for the parties to this action and their partners and associate attorneys, secretaries, paralegals, legal assistants, graphics personnel and other employees or agents retained or hired by outside counsel to work on this case; (ii) any person or firm retained by the parties in this case for the purpose of producing graphic or visual aids as long as these personnel comply with the procedure of Paragraph 5 herein before any Confidential Information is disclosed to them; (iii) for each party, one (1) in-house attorney, as well as their support staff working on this case, as long as these personnel comply with the procedure of Paragraph 5 herein before any Confidential Information is disclosed to them; (iv) any person noted on the "CONFIDENTIAL" document as being an author or recipient; (v) the Court, the Court's staff, and Official Court Reporters to the extent that confidential information is disclosed at a deposition or court session which such reporter is transcribing; and (vi) testimonial and consulting experts and their staff who are independent of the receiving party and whose advice and consultations may be used by the

receiving party in connection with this action, as long as these personnel comply with the procedure of Paragraph 5 herein before any Confidential Information is disclosed to them.

4. The inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or other privilege (despite the parties' reasonable efforts to prescreen such documents and information prior to production) shall be without prejudice to any claim that such material is privileged or protected from discovery. No party will be held to have waived any rights by such inadvertent production if the producing party gives prompt notice to all other parties that it is asserting a claim of privilege or other objection with respect to such document or other information upon learning of the inadvertent production. Once the receiving party has received notice of the claim of inadvertent production, the receiving party shall not review, copy, disseminate, or otherwise use the inadvertently produced document or information in any manner, except to the extent necessary to oppose a motion by the producing party to establish its claim of privilege or to support its own motion for production of that document, until the issue of whether the document or information is privileged or otherwise protected has been resolved by the parties or by the Court. The parties shall first determine whether there is agreement as to the producing party's claim of privilege or other objections. If agreement cannot be reached, the burden shall be on the producing party to file a motion with the Court and establish its claim of privilege. If the inadvertently produced document or information is deemed privileged or otherwise protected, the receiving party shall return such document or information and any copies to the producing party, or shall destroy such documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information within five (5) business days of final resolution and notify the producing party in writing that such

documents or information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such documents or information have been destroyed.

        5.      Before an individual described in Paragraphs 3(ii), 3(iii) or 3(vi) herein is afforded access to the producing party's Confidential Information, the party seeking disclosure shall provide notice to the producing party by furnishing the identity of the individual and a signed Declaration of Compliance with the Protective Order ("Declaration") (in the form attached as Exhibit A hereto).[1] For an individual described in Paragraph 3(vi), the party seeking disclosure shall also furnish the individual's current resume or *curriculum vitae*. The producing party shall have ten (10) business days after receiving such notice to object in writing, setting forth the specific grounds for the objection, to the disclosure of Confidential Information to the individual (the "Designated Individual"). If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue is not resolved, the producing party shall within twenty (20) business days after providing such objection file a motion before the Court seeking to prevent disclosure of such Confidential Information to the Designated Individual. The burden shall be on the producing party to show the Court good cause why the disclosure should not be made. If the producing party does not timely object or bring such a timely motion, Confidential Information may be disclosed to the Designated Individual. Otherwise, if a timely objection is made or a timely motion is filed, no Confidential Information of the producing party shall be disclosed to the Designated Individual, except by further Order of the Court or subsequent written agreement between the parties.

---

[1] The original written Declarations shall be maintained by counsel for the party obtaining them. Copies of all Declarations shall be provided promptly to the producing party at the time such Declarations are obtained.

6. Deposition testimony reasonably deemed "CONFIDENTIAL" may be identified as such on the record of the deposition in the course of the deposition, and in that event the reporter shall be instructed to mark the transcript of the deposition accordingly and separately bind the confidential portions. To the extent not designated during the deposition, a party has 21 calendar days following receipt of the deposition transcript to designate by page number and lines portions of the transcript as "CONFIDENTIAL" and provide such designations to opposing counsel. The entire deposition transcript will be deemed "CONFIDENTIAL" during the 21-day period that a party is entitled to designate portions of the deposition transcript as "CONFIDENTIAL."

7. This Protective Order shall not preclude use by the receiving party for other purposes of information which has been designated as "CONFIDENTIAL" which information is received or obtained independently from another source.

8. Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of "CONFIDENTIAL" material produced by the opposing party, provided that such communications or advice shall not disclose or reveal such Confidential Information.

9. No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraph 3 herein any information designated as Confidential Information under this Protective Order without prior written consent of the producing party or Order of the Court.

10. The provisions of this Protective Order may be made available to a third party from whom information is sought provided that party's understanding to be bound by the terms of this Order is obtained in writing.

11. Any document containing information designated "CONFIDENTIAL" by any party, if filed with the Court, shall be enclosed for filing in a sealed envelope prominently marked with the caption of the case and the notation:

**"CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY**

**AS DIRECTED BY THE COURT"**

and shall otherwise comply with the Court's rules concerning filing of sealed documents.

12. Any party objecting to the designation of information as "CONFIDENTIAL" may seek an order of the Court on the objection but shall abide by the designation pending issuance of such an order.

13. By accepting production of "CONFIDENTIAL" information, each party to this Order agrees that the Court in this case has personal jurisdiction to enforce the terms of this Order and waives any objection to the Court's personal jurisdiction to enforce the terms of the Order.

14. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

15. Upon termination of this and any other pending litigation between the parties, following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of "CONFIDENTIAL" materials and/or information shall be either destroyed (rendered illegible by shredding or otherwise) or turned over to the party or non-party who

produced such material, or to their respective counsel, within ninety (90) days. However, retained outside trial counsel may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes. If "CONFIDENTIAL" material and/or information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel, upon request, a certification that such destruction was performed.

16. Any documents filed under seal with the Court pursuant to this Protective Order shall be withdrawn by counsel within 90 days of final disposition of the case before the Court if no appeal and within thirty (30) days following final disposition of an appeal. Any documents, filed under seal that are not so withdrawn within the appropriate time period may be disposed of by the clerk of the Court within thirty (30) days.

17. Nothing in this Protective Order shall limit the parties' right to move for modification of this Protective Order generally or with respect to particular circumstances. This Protective Order may be amended with respect to (a) specific documents or items of Confidential Information or (b) persons to whom Confidential Information may be disclosed, including former employees of a party or other persons, by Order of the Court or by written agreement of the parties hereto. This Protective Order shall remain in force and effect until modified, superceded or terminated by Order of the Court.

SO ORDERED this _____ day of _____, 2007.

_____
Honorable Mary Pat Thynge
United States Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

7

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| */s/ Julia Heaney* | */s/ Jeffrey T. Castellano* |
| Mary B. Graham (#2256)<br>Julia Heaney (#3052)<br>Benjamin J. Schladweiler (#4601)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200 | John W. Shaw (#3362)<br>Jeffrey T. Castellano (#4837)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600 |
| OF COUNSEL:<br>Douglas V. Rigler<br>Andrew J. Patch<br>YOUNG & THOMPSON<br>745 South 23rd Street, Suite 200<br>Arlington, VA 22202<br>(703) 521-2297 | OF COUNSEL:<br>Brian P. Murphy<br>Oren D. Langer<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>(212) 309-6000 |
| *Attorneys for Plaintiff Roquette Frères* | *Attorneys for Defendants SPI Pharma, Inc. and Drytec Ltd.* |

May 3, 2007
819124

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROQUETTE FRÈRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-540 (***) |
| ) | |
| SPI PHARMA, INC. and DRYTEC LTD., ) | |
| ) | |
| Defendants. ) | |

UNDERTAKING OF _____

1. My address is _____

2. My present employer is _____
and the address of my present employment is _____

3. My present job or occupation is _____

4. I have carefully read and understand the "Protective Order" in this action.

5. I will hold in confidence, will not disclose "Confidential Information" to anyone not qualified under the "Protective Order," and will use such information only for purposes of this action. I will return all such information that comes into my possession (including all copies of information made) to counsel for the party by whom I am retained.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of the "Protective Order."

               Signed: _____
               Date:  _____