IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROQUETTE FRERES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-540-\*\*\* |
| | ) | |
| SPI PHARMA, INC., DRYTEC LTD., | ) | **REDACTED -** |
| DRYTEC CONTRACT PROCESSING | ) | **PUBLIC VERSION** |
| LTD., ANHYDRO U.K., LTD., | ) | |
| and ANHYDRO HOLDING A/S, | ) | |
| | ) | |
| Defendants | ) | |

**OPENING BRIEF OF DRYTEC LTD., DRYTEC CONTRACT PROCESSING
LTD., ANHYDRO U.K., LTD. AND ANHYDRO HOLDING A/S IN
SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Defendants*

OF COUNSEL:
Brian P. Murphy, Esq.
Oren D. Langer, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

July 10, 2007

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING........................................................... 1

SUMMARY OF ARGUMENT .......................................................................................... 2

STATEMENT OF FACTS .................................................................................................. 4

ARGUMENT......................................................................................................................... 7

    CO-DEFENDANTS DO NOT HAVE ANY CONTACTS WITH THE
    STATE OF DELAWARE SUFFICIENT TO SUPPORT AN EXERCISE
    OF PERSONAL JURISDICTION................................................................................. 7

    A.    Applicable Law................................................................................................. 7

    B.    This Court Lacks Authority Under The Delaware Long-Arm
        Statute to Exercise Personal Jurisdiction Over Co-Defendants.................. 8

        1.    None of the specific jurisdiction provisions in
            § 3104(c)(1)-(3) and (5)-(6) apply to Co-Defendants...................... 9

        2.    The general jurisdiction provision § 3104(c)(4) does
            not apply................................................................................................ 13

    C.    This Court Lacks Authority Under The United States
        Constitution To Exercise Personal Jurisdiction Over
        Co-Defendants ................................................................................................ 14

        1.    This Court cannot constitutionally assert specific
            jurisdiction over Co-Defendants ...................................................... 15

        2.    This Court cannot constitutionally assert general
            jurisdiction over Co-Defendants ...................................................... 15

        3.    An exercise of personal jurisdiction over Co-
            Defendants offends traditional notions of fair play and
            substantial justice implicit in the Due Process clause.................... 17

    CONCLUSION.................................................................................................................. 18

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
 772 F. Supp. 1458 (D. Del. 1991) .......................................................................... 9, 11

*Burger King Corp. v. Rudzewicz*,
 471 U.S. 462 (1985) ............................................................................................... 17

*Carteret Sav. Bank, FA v. Shushan*,
 954 F.2d 141, 146 (3d Cir.),
 *cert. denied*, 506 U.S. 817 (1992) ........................................................................... 8

*Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*,
 297 F.3d 1343  (Fed. Cir. 2002) ...................................................................... 7, 15, 16

*Eli Lilly & Co. v. Zenith Goldline Pharmas., Inc.*,
 172 F.Supp. 2d 1060  (S.D. Ind. 2001) .................................................................... 4

*Gehling v. St. George's School of Medicine, Ltd.*,
 773 F.2d 539 (3d Cir. 1985) ............................................................................ 14, 16

*Hanson v. Denckla*,
 357 U.S. 235 (1958) ............................................................................................... 17

*Helicopteros Nacionales de Columbia v. Hall*,
 466 U.S. 408 (1984) ......................................................................................... 16, 17

*Hildebrand v. Steck Mfg. Co.*,
 279 F.3d 1351 (Fed. Cir. 2002) ............................................................................... 7

*Intel Corp. v. Silicon Storage Technology, Inc.*,
 20 F. Supp. 2d 690 (D. Del. 1998)............................................................................ 7

*Keeton v. Hustler Magazine, Inc.*,
 465 U.S. 770 (1984) ............................................................................................... 16

*Monsanto Co. v. Syngenta Seeds, Inc.*,
 Civ. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534 (D. Del. Aug. 4, 2006) ............ 11

*Nichols v. G. D. Searle & Co.*,
 991 F.2d 1195 (4th Cir. 1993) ............................................................................... 14

*North Penn Gas Co. v. Corning Natural Gas Corp.*,
 897 F.2d 687 (3d Cir.), *cert. denied,* 498 U.S. 847 (1990) ............................................ 8

*Pellegrini v. Analog Devices, Inc.*,
 375 F.3d 1113  (Fed. Cir. 2004) .............................................................................. 10

*Penzoil Prods. Co. v. Colelli & Assocs., Inc.*,
 149 F.3d 197 (3d Cir. 1998) .................................................................................... 7

DB02:6113633.1                                                                    064409.1001

*Perkins v. Benguet Consol. Mining Co.,*
  342 U.S. 437 (1952)............................................................................................17

*Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n,*
  819 F.2d 434 (3d Cir. 1987) ............................................................................15

*Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.,*
  C.A. No. 12036, 1991 WL 129174 (Del. Ch. July 10, 1991) ...........................9

*Reliance Steel Prods. Co. v. Watson, Ess Marshall & Enggass,*
  675 F.2d 587 (3d Cir. 1982) ............................................................................16

*Renner v. Lanard Toys Ltd.,*
  33 F.3d 277 (3d Cir. 1994) ................................................................................7

*Saft America, Inc. v. Ovonic Battery Co., Inc.,*
  C.A. No. 95-430-SLR, U.S. Dist. LEXIS 5068 (D. Del. Mar. 25, 1996) ......13

*Sears, Roebuck & Co. v. Sears plc,*
  744 F. Supp. 1289 (D. Del. 1990)....................................................................12

*Shute v. Carnival Cruise Lines,*
  897 F.2d 377 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991).........14, 16

*Telcordia Technologies, Inc. v. Alcatel S.A.,*
  Civ. No. 04-874-GMS, 2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005)..........11

*Time Share Vacation Club v. Atlantic Resorts, Ltd.,*
  735 F.2d 61 (3d Cir. 1984) ................................................................................8

*Ware v. Ball Plastic Container Corp.,*
  432 F. Supp. 2d 434 (D. Del. 2006)..................................................................16

*Wassall PLC v. La Mirada Products Co., Inc.,*
  93 Civ. 4782 (CMM), 1993 U.S. Dist. LEXIS 16609 (S.D.N.Y. Nov. 24, 1993)..........5

**Statutes**

10 Del. C. § 3104(c)................................................................................... passim

35 U.S.C. § 271 ....................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(2)........................................................................................1

DB02:6113633.1                                                                    064409.1001

Defendants Drytec Ltd. [1], Drytec Contract Processing Ltd. ("Drytec CP"), Anhydro U.K. Ltd. ("Anhydro U.K."), and Anhydro Holding A/S (collectively, "Co-Defendants") respectfully submit this opening brief in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In support of this brief, Co-Defendants rely on the accompanying Declarations of Paul C. Kennet ("Kennet Decl."), Bjarne Henning Jensen ("Jensen Decl.") and Colleen N. Blackney ("Blackney Decl.") and attached exhibits.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Roquette Freres ("Plaintiff" or "Roquette") filed this patent infringement action against SPI Pharma, Inc. ("SPI Pharma") on August 31, 2006, alleging that SPI Pharma's MANNOGEM™ EZ spray dried mannitol product infringes United States Patent No. 5,573,777 (the "'777 patent"). Docket Item ("D.I.") 1. The '777 patent discloses a very specific form of pulverulent mannitol, its properties, and processes for its preparation. Id., Ex. A.

On October 20, 2006, Roquette filed a First Amended Complaint adding Drytec Ltd., a British corporation with its principal place of business in Kent, England, as a party defendant. D.I. 9. On December 6, 2006, Drytec Ltd. filed a motion to dismiss Plaintiff's First Amended Complaint as to Drytec Ltd. for lack of personal jurisdiction and the parties fully briefed the motion. D.I. 19. On May 21, 2007, before the Court reached a decision on Drytec Ltd.'s motion to dismiss, Roquette filed a motion for leave

---

[1]     On January 1, 2007, Drytec Ltd. changed its name to Anhydro U.K., but effected no other changes to the company. Accordingly, Anydro U.K. has taken the place of Drytec Ltd. as a party defendant and is not properly an *additional* defendant. As used herein, the name "Anhydro U.K" refers both to Anhydro U.K. and predecessor Drytec Ltd.

to file a Second Amended Complaint joining three additional entities as co-defendants – *viz.*, Drytec CP, Anhydro U.K., and Anhydro Holding A/S. D.I. 48. The former two are British companies and the latter is a Danish company. SPI Pharma and Drytec Ltd. filed their answering brief on June 5, 2007. D.I. 56.

On June 13, 2007, the Court convened a telephone conference to address Roquette's request for additional jurisdictional discovery in connection with its motion for leave to file a Second Amended Complaint. D.I. 61, Transcript. During the telephone conference, the Court indicated that it would grant Roquette's motion for leave to amend, but ordered Roquette to plead with more specificity its allegations of patent infringement, particularly its allegations of contributory and inducement of infringement.[2] At the Court's behest, the parties agreed to submit a proposed scheduling order for submission of briefs in connection with a consolidated motion to dismiss for lack of personal jurisdiction by Co-Defendants. This is the opening brief in support of Co-Defendants' motion.

## SUMMARY OF ARGUMENT

When challenged in a motion to dismiss, a plaintiff may not rest on the allegations of its complaint, but rather must establish, by a preponderance of the evidence, that the defendant is subject to personal jurisdiction in the forum state. Roquette offers no evidence that Co-Defendants have any contacts with the State of Delaware and therefore cannot establish a legally or factually sufficient basis for this Court to assert personal jurisdiction over Co-Defendants.

The Delaware long-arm statute, 10 Del. C. § 3104(c), does not permit this Court to exercise personal jurisdiction over any of the non-resident Co-Defendants. The

---

[2]    Roquette filed its Second Amended Complaint on June 28, 2007. D.I. 67.

specific jurisdiction provisions of the long-arm statute, § 3104(c)(1)-(3) and (5)-(6), do not apply because none of Co-Defendants engages in allegedly infringing activity in Delaware. ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ The general jurisdiction provision of the long-arm statute, § 3104(c)(4), does not apply because none of the Co-Defendants regularly does or solicits business, engages in any other persistent course of conduct in Delaware or derives substantial revenue from services, or things used or consumed in Delaware.

The Due Process Clause of the United States Constitution does not permit this Court to exercise personal jurisdiction over the Co-Defendants. Plaintiff cannot meet its burden of proving that any of Co-Defendants has continuous and systematic business contacts with Delaware, nor does Plaintiff proffer any evidence showing that Co-Defendants have purposefully directed their activities at residents of Delaware. The implicit notions of fair play and substantial justice embodied in the Due Process Clause do not permit Co-Defendants to be hailed into court in Delaware.

As to Anhydro Holding A/S, a Danish holding company, there are no allegations tying this company in any way to plaintiff's allegations of patent infringement. The inclusion of Anhydro Holding A/S is indicative of plaintiff's strategy of using the litigation process to harass defendant SPI Pharma, Inc. and interfere with its business relationships having no bearing on this patent litigation. Defendants request that the Court grant this motion dismissing Co-Defendants from this action.

**STATEMENT OF FACTS**

3

Co-Defendants are foreign corporations with no ties to the State of Delaware.[3]
Plaintiff alleges in its Second Amended Complaint that Co-Defendants "have engaged in
infringing activities within this District," without the requisite specificity ordered by this
Court. D.I. 67, ¶ 1. This conclusory allegation is unsubstantiated and untrue. The
indisputable facts are:

- Drytec CP is a private British company located in Kent, England. Kennet
Decl. ¶ 21. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[3]    None of Co-Defendants has ever been authorized, registered or qualified to do
business in Delaware. Kennet Decl. ¶¶ 8, 30; Jensen Decl. ¶ 9). None of Co-Defendants
has a registered agent for service of process in Delaware. Kennet Decl. ¶¶ 9, 31; Jensen
Decl. ¶ 10. None of Co-Defendants has ever maintained an office, place of business,
factory, or showroom in Delaware. Kennet Decl. ¶¶ 10, 32; Jensen Decl. ¶ 11. No
officer, employee, agent or representative of any of Co-Defendants has an office in
Delaware. Kennet Decl. ¶¶ 11, 33; Jensen Decl. ¶ 12. None of Co-Defendants has an
interest in, uses or possesses any real or personal property in Delaware. Kennet Decl. ¶¶
12, 34; Jensen Decl. ¶ 13. None of Co-Defendants provides insurance in Delaware or
acts as a surety for anyone in Delaware. Kennet Decl. ¶¶ 13, 35; Jensen Decl. ¶ 14.
None of Co-Defendants has a mailing address, telephone listing, or bank account in
Delaware. Kennet Decl. ¶¶ 14, 36; Jensen Decl. ¶ 15. None of Co-Defendants has ever
transacted any business or performed any character of work or service in Delaware, and
none has contracted to supply services or products in Delaware. Kennet Decl. ¶¶ 15, 37;
Jensen Decl. ¶ 18. None of Co-Defendants has ever directed any advertising specifically
toward residents of Delaware. Kennet Decl. ¶¶ 16, 38; Jensen Decl. ¶ 19. None of Co-
Defendants regularly does or solicits business, engages in any other persistent course of
conduct in Delaware or derives substantial revenue from services, or things used or
consumed in the Delaware. Kennet Decl. ¶¶ 17, 39; Jensen Decl. ¶ 20.

4

**REDACTED**



- Anhydro Holding A/S is a private Danish holding company located in Soeborg, Denmark. Jensen Decl. ¶ 3. Anhydro Holding A/S is the parent company of Anhydro U.K. Holdings Ltd., a private British holding company, which owns Anhydro U.K. and Drytec CP. Id. Anhydro Holding A/S has never actively directed or controlled the day-to-day business operations of either Anhydro U.K. or Drytec CP. Id. ¶ 4. Anhydro Holding A/S operates exclusively in Denmark, has never had any business relationship with SPI Pharma and has no connection to the State of Delaware. Id. ¶¶ 8-20. Anhydro Holding A/S has never made, used, sold, or offered to sell MANNOGEM™ EZ within Delaware or anywhere in the United States, or imported MANNOGEM™ EZ into Delaware or anywhere in the United States. Id. ¶¶ 6-7.

6

Roquette does not have any contrary evidence. Thus, Roquette cannot meet its burden of proof to show that this Court may exercise personal jurisdiction over any of Co-Defendants.

## ARGUMENT

### CO-DEFENDANTS DO NOT HAVE ANY CONTACTS WITH THE STATE OF DELAWARE SUFFICIENT TO SUPPORT AN EXERCISE OF PERSONAL JURISDICTION

A.    **Applicable Law**

Before exercising personal jurisdiction over Co-Defendants, this Court must determine: i) whether the Delaware long-arm statute confers jurisdiction by authorizing service of process on any of the Co-Defendants; and, ii) whether an exercise of jurisdiction would satisfy constitutional due process requirements. *Deprenyl Animal Health, Inc. v. University of Toronto Innovations Found.*, 297 F.3d 1343, 1349 (Fed. Cir. 2002); *see also Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 279 (3d Cir. 1994). When interpreting the Delaware long-arm statute, a federal court must "defer to the interpretations of the Delaware state courts." *Intel Corp. v. Silicon Storage Technology, Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998). The federal Due Process Clause[4] requires an independent analysis by this Court whether it has the constitutional power to require Co-Defendants to defend this lawsuit in Delaware. *Penzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 202 (3d. Cir. 1998). That analysis is governed by Federal Circuit law. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1355 (Fed. Cir. 2002).

---

[4]    Although the Fifth Amendment Due Process Clause applies because this is a patent case, the Federal Circuit interprets the Fifth Amendment Due Process Clause in accord with the Fourteenth Amendment Due Process Clause. *Deprenyl Animal Health*, 297 F.3d at 1350.

7

The party asserting personal jurisdiction, Roquette, "bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992). Roquette may not rely on the conclusory allegations raised in its pleadings, but rather "must sustain its burden of proof through 'sworn affidavits or other competent evidence.'" *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.) (per curiam) (quotation omitted), *cert. denied*, 498 U.S. 847 (1990); *see also Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations."). Roquette has failed to provide any evidentiary basis for this Court to assert personal jurisdiction over Co-Defendants, and therefore cannot meet its burden of proof.

**B.    This Court Lacks Authority Under The Delaware Long-Arm Statute To Exercise Personal Jurisdiction Over Co-Defendants**

There is no basis for an exercise of personal jurisdiction under the provisions of the Delaware long-arm statute – 10 Del. C. § 3104(c). The statute provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or his personal representative, who in person or through an agent:
>
> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;

8

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

(5) Has an interest in, uses or possesses real property in the State; or

(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Section 3104(c)(1)-(3) and (5)-(6), referred to as the specific jurisdiction provisions, require that "some act must have actually occurred in Delaware, and that the cause of action asserted by [Roquette] must have arisen from the Delaware conduct." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991). Section 3104(c)(4), referred to as the general jurisdiction provision, requires that a defendant have "contacts with this state that are <u>so extensive and continuing</u> that it is fair and consistent with state policy to require that the defendant appear here and defend a claim." *Red Sail Easter Ltd. Partners, L.P. v. Radio City Music Hall Productions, Inc.*, C.A. No. 12036, 1991 WL 129174 at *3 (Del. Ch. July 10, 1991) (emphasis added).

### 1. None of the specific jurisdiction provisions in § 3104(c)(1)-(3) and (5)-(6) apply to Co-Defendants

With respect to § 3104(c)(1), none of Co-Defendants transacted any business or performed any character of work or service in Delaware related to MANNOGEM™ EZ.



DB02:6113633.1

064409.1001

**REDACTED**

*Devices, Inc.*, 373 F.3d 1113, 1117 (Fed. Cir. 2004).



Finally, with specific reference to Anhydro Holding A/S, this Court has held that personal jurisdiction over a foreign holding company in a patent infringement suit cannot be exercised merely because of a holding company's corporate relationship with an allegedly infringing subsidiary. *See Monsanto Co. v. Syngenta Seeds, Inc.*, Civ. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534, at *32 (D. Del. Aug. 4, 2006); *Telcordia Technologies, Inc. v. Alcatel S.A.*, Civ. No. 04-874-GMS, 2005 U.S. Dist. LEXIS 10194, at *31 (D. Del. May 27, 2005); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1472 (D. Del. 1991). Anhydro Holding A/S has had absolutely no dealings with SPI Pharma, no involvement with MANNOGEM™ EZ, and no contacts with the State of Delaware. Thus, even if personal jurisdiction could somehow properly be exercised over Anhydro U.K. (and it cannot be), the mere fact that Anhydro Holding A/S is a corporate parent is not sufficient to require Anhydro Holding A/S to appear here and defend itself against suit in this forum.

With respect to § 3104(c)(2), none of Co-Defendants has ever contracted to supply services or things related to MANNOGEM™ EZ in Delaware.

---



There is also no basis to assert personal jurisdiction under § 3104(c) subsections

(3), (5) or (6) of the statute, and suffice it to say that Roquette does not even assert those

---

[7]     "Kennet Dep." refers to the deposition of Paul C. Kennet taken in this matter on January 16, 2007.

DB02:6113633.1                                      064409.1001

sections of the statute. None of Co-Defendants has an interest in real or personal property located in Delaware, or a surety or insurance contract for persons, property, risks, contracts, obligations or agreements located, executed, or performed in Delaware. See Fn. 3, *supra.*

There is no factual or legal basis that could possibly support personal jurisdiction under any of the specific jurisdiction provisions of § 3104(c).

    2.    **The general jurisdiction provision § 3104(c)(4) does not apply**

Roquette cannot invoke § 3104(c)(4) because none of Co-Defendants regularly conducts or solicits business in Delaware, derives substantial revenue from services or things used or consumed in Delaware, or engages in any persistent course of conduct in Delaware.

Drytec CP, Anhydro U.K. and Anhydro Holding A/S have never conducted any business in Delaware. Kennet Decl. ¶¶ 15, 37; Jensen Decl. ¶ 18. None sells any products or services in Delaware. Id. None maintains an office, place of business, factory, or showroom in Delaware, and none of their officers, employees, agents or other representatives has an office or workplace in Delaware. Kennet Decl. 10, 32 ; Jensen Decl. 11. Finally, none of Co-Defendants regularly does or solicits business, engages in any other persistent course of conduct in Delaware, or derives substantial revenue from services or things used or consumed in Delaware. Kennet Decl. ¶¶ 17, 39; Jensen Decl. ¶ 20; see *Saft America, Inc. v. Ovonic Battery Co., Inc.*, C.A. No. 95-430-SLR, U.S. Dist. LEXIS 5068, at *14-15 (D. Del. Mar. 25, 1996) (motion to dismiss for lack of personal jurisdiction granted where moving party maintains no offices, owns no property, has no employees, and derives no revenue from the State of Delaware). An assertion of general

personal jurisdiction over Drytec pursuant to § 3104(c)(4) cannot be justified because of the lack of sufficient contacts between Co-Defendants and the State of Delaware.

Any attempt to construe § 3104(c)(4) to permit the exercise of personal jurisdiction over Co-Defendants would, moreover, expand § 3104(c)(4) far beyond the Due Process Clause as construed by the Supreme Court and the United States Courts of Appeals. *See Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985) (six percent of its students from forum, constituting several hundred thousand dollars in tuition from forum residents, not sufficient); *Nichols v. G. D. Searle & Co.*, 991 F.2d 1195, 1198-200 (4th Cir. 1993) ($9-13 million annual sales in forum (2% of total) not sufficient); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) (1.29% and 1.06% of total business drawn from forum in two years prior to suit not sufficient), *rev'd on other grounds*, 499 U.S. 585 (1991)).  Delaware law holds that its long-arm statute should be construed liberally to comport with the bounds of Due Process, but it has never demanded that any Court interpret the law in a manner that would violate the Due Process Clause.  On this basis, the Court should also reject Roquette's assertion of general jurisdiction over Co-Defendants.

**C.     This Court Lacks Authority Under The United States Constitution To Exercise Personal Jurisdiction Over Co-Defendants**

An exercise of personal jurisdiction by this Court over any of Co-Defendants does not comport with the guarantees of the U.S. Constitution.  This Court cannot constitutionally assert specific jurisdiction over Co-Defendants because none has purposefully directed its activities at residents of Delaware and any alleged injuries suffered by Roquette do not arise from contacts between Co-Defendants and Delaware.

DB02:6113633.1

064409.1001

An assertion of general jurisdiction is likewise constitutionally impermissible as none of Co-Defendants has continuous and systematic contacts with the State of Delaware.

1.   **This Court cannot constitutionally assert specific jurisdiction over Co-Defendants**

For the Court to assert specific jurisdiction over Co-Defendants, there must be evidence that they have "purposefully directed [their] activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Deprenyl Animal Health*, 297 F.3d at 1350.  As explained in the long-arm statute analysis above, none of Co-Defendants has directed <u>any</u> activities into the State of Delaware, purposefully or otherwise. ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████ Because Anhydro Holding A/S has no involvement whatsoever with the allegedly infringing product, there is also no constitutional basis for an exercise of specific jurisdiction by this Court over Anhydro Holding A/S.  Thus, the Due Process Clause restricts the Court's jurisdictional reach in this case.

2.   **This Court cannot constitutionally assert general jurisdiction over Co-Defendants**

For an assertion of general personal jurisdiction to satisfy due process, "the plaintiff must show significantly more than mere minimum contacts." *Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).  Rather,

15

Roquette must prove that Co-Defendants have "continuous and systematic general business contacts" with Delaware. *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 416 (1984); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984) (stating the issue as whether the defendant's relationship with the forum was "so substantial as to support jurisdiction over a cause of action unrelated to those activities"); *Deprenyl Animal Health*, 297 F.3d at 1349 (continuous and systematic contacts required); *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985) (requiring showing that defendant "carried on a 'continuous and substantial part' of their business in [the forum]"). "The facts required to assert this 'general' jurisdiction must be 'extensive and persuasive.'" *Reliance Steel Prods. Co. v. Watson, Ess Marshall & Enggass*, 675 F.2d 587, 589 (3d Cir. 1982); *see also Ware v. Ball Plastic Container Corp.*, 432 F. Supp. 2d 434, 438 (D. Del. 2006). Roquette has not shown that Co-Defendants have minimum contacts with the State of Delaware, no less continuous and systematic contacts, required to establish general personal jurisdiction under the Due Process Clause.

Co-Defendants' lack of contacts with Delaware clearly does not rise to the level of "continuous and systematic" contacts with the forum state. Like the defendants in *Helicopteros, Keeton, Gehling*, and *Shute*, none of Co-Defendants maintains an office, place of business, factory, showroom, mailing address or telephone listing in Delaware; none of Co-Defendants has officers, employees, agents or other representatives having an office or workplace in Delaware; none of Co-Defendants is authorized, registered or qualified to do business in Delaware; and none of Co-Defendants has an agent for service of process in Delaware. See FN. 3, *supra*. These missing forum affiliations are the only affiliations the United States Supreme Court has ever found sufficient to support an

16

assertion of general personal jurisdiction. *Perkins v. Benguet Consol. Mining Co.*, 342

U.S. 437 (1952). Therefore, an assertion of general jurisdiction over Co-Defendants is not

constitutionally permissible.

> **3.    An exercise of personal jurisdiction over Co-Defendants offends traditional notions of fair play and substantial justice implicit in the Due Process Clause**

Co-Defendants' lack of Delaware contacts also fails to satisfy the requirement

that "maintenance of the suit...not offend 'traditional notions of fair play and substantial

justice.'" *Helicopteros Nacionales de Columbia*, 466 U.S. at 414 (quoting *International

Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In this regard, the 'fairness factors'

used to measure traditional notions of fair play and substantial justice counsel against the

exercise of jurisdiction over any of Co-Defendants:

> the burden on the defendant, the forum State's interest in
> adjudicating the dispute, the plaintiff's interest in obtaining
> convenient and effective relief, the interstate judicial
> system's interest in obtaining the most efficient resolution
> of controversies, and the shared interest of the several
> States in furthering fundamental substantive social policies,

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (citation and internal

quotations omitted). For example, the costs for Co-Defendants in time and money to

defend this action in Delaware are very high, particularly as Co-Defendants, all foreign

corporations, do not have any operations or facilities in this forum. *Hanson v. Denckla*,

357 U.S. 235, 251 (1958) (measuring the burden of defending an action against the

defendant's contacts with the forum). Similarly, Delaware, as the forum state, does not

have a greater interest in adjudicating this dispute than does any other state. Therefore,

the implicit notions of fair play and substantial justice embodied in the Due Process

Clause do not permit Co-Defendants to be summoned into this litigation.

17

## CONCLUSION

For the reasons set forth above, defendants Anhydro U.K., Drytec CP and Anhydro Holding A/S respectfully requests the Court to dismiss it from this action for lack of personal jurisdiction.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
alundgren@ycst.com

*Attorneys for Drytec Ltd.*

OF COUNSEL:
Brian P. Murphy, Esq.
Daniel P. Murphy, Esq.
Oren D. Langer, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Dated: July 10, 2007

18

DB02:6113633.1

064409.1001

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew A. Lundgren, hereby certify that on July 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham, Esquire
> Julia Heaney, Esquire
> Morris, Nichols, Arsht & Tunnell LLP
> 1201 North Market Street
> Wilmington, DE  19801

I further certify that on July 17, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

> **BY E-MAIL**
>
> Douglas V. Rigler, Esquire
> Young & Thompson
> 745 South 23rd Street, Suite 200
> Arlington, VA  22202

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> _/s/ Andrew A. Lundgren_____
> John W. Shaw (No. 3362)
> Andrew A. Lundgren (No. 4429)
> Jeffrey T. Castellano (No. 4837)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> alundgren@ycst.com

> *Attorneys for SPI Pharma, Inc. and Drytec Ltd.*