IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROQUETTE FRERES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-540-*** |
| | ) | |
| SPI PHARMA, INC., DRYTEC LTD., | ) | **REDACTED -** |
| DRYTEC CONTRACT PROCESSING | ) | **PUBLIC VERSION** |
| LTD., ANHYDRO U.K., LTD., | ) | |
| and ANHYDRO HOLDING A/S, | ) | |
| | ) | |
| Defendants | ) | |

**REPLY BRIEF OF DRYTEC LTD., DRYTEC CONTRACT PROCESSING LTD.,
ANHYDRO U.K., LTD. AND ANHYDRO HOLDING A/S IN
SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

YOUNG CONAWAY STARGATT & TAYLOR LLP
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Defendants*

OF COUNSEL:
Brian P. Murphy, Esq.
Oren D. Langer, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

August 3, 2007

# TABLE OF CONTENTS

                                                                                        **Page**

TABLE OF AUTHORITIES ........................................................................................ ii

I.      INTRODUCTION ............................................................................................ 1

II.     SUMMARY OF ARGUMENT ......................................................................... 1

III.    ARGUMENT .................................................................................................... 2

        A.      None of the Co-Defendants Are Amenable to Personal Jurisdiction
                Under the Delaware Long-Arm Statute ..................................................... 2

                1.      ████████████████████████████████
                        ████████████████████████████ .................................... 3

                2.      ████████████████████████████████
                        █████████████████████████ ............................................... 5

                3.      None of Co-Defendants Derives Substantial Revenue
                        From Services or Things Used or Consumed in
                        Delaware ........................................................................................ 8

                4.      There Is No Legal or Factual Basis for This Court to
                        Exercise Personal Jurisdiction over Anhydro Holding A/S ............. 10

        B.      This Court Lacks Constitutional Power To Exercise
                Personal Jurisdiction Over Drytec ............................................................ 12

IV.     CONCLUSION ................................................................................................ 13

## TABLE OF AUTHORITIES

<u>Page</u>

**Cases**

*Ace & Co., Inc. v. Balfour Beatty PLC,*
148 F. Supp. 2d 418 (D. Del. 2001) ......................................................................... 11

*Alcoa Inc. v. Alcan Inc.,*
Civ. No. 06-451-SLR, 2007 U.S. Dist. LEXIS 51565  (D. Del. July 17, 2007) . 5, 10, 12

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
772 F. Supp. 1458  (D. Del. 1991) ................................................................... 5, 7, 10

*Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.,*
295 F. Supp. 2d 400 (D. Del. 2002) ...................................................................... 9, 10

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985) .................................................................................................. 7

*C.R. Bard, Inc. v. Guidant Corp.,*
997 F. Supp. 556 (D. Del. 1998) ....................................................................... 10, 12

*Digi-tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.,*
89 F.3d 519 (8th Cir. 1996) ....................................................................................... 7

*Eli Lilly & Co. v. Zenith Goldline Pharma., Inc.,*
172 F. Supp. 2d 1060 (S.D. Ind. 2001) ..................................................................... 6

*Helicopteros Nacionales de Columbia v. Hall,*
466 U.S. 408 (1984) ................................................................................................ 12

*M&M Technologies, Inc. v. Gurtler Chemicals, Inc.,*
Civ. No. 03-994 GMS, 2005 U.S. Dist. LEXIS 1726 (D. Del. Feb. 8, 2005) ............... 9

*Monsanto Co. v. Syngenta Seeds, Inc.,*
Civ. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534  (D. Del. Aug. 4, 2006) ........ 5, 10

*Sears, Roebuck & Co. v. Sears plc,*
774 F. Supp. 1289 (D. Del. 1990) ............................................................................. 7

*Sternberg v. O'Neil,*
550 A.2d 1105 (Del. 1988) ....................................................................................... 4

*Telcordia Technologies, Inc. v. Alcatel S.A.,*
Civ. No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194 (D. Del. May 27, 2005) ........ 2, 5

*Wassall PLC v. La Mirada Products Co., Inc.,*
93 Civ. 4782 (CMM), 1993 U.S. Dist. LEXIS 16609 (S.D.N.Y. Nov. 24, 1993) ..... 6, 7

**Statutes**

10 *Del. C.* Section 3104(c) ...................................................................................... 7, 8, 12

064409.1002

**Rules**

21 C.F.R. § 207.40................................................................................................... 3

## I.    INTRODUCTION

Plaintiff Roquette Freres ("Roquette" or "plaintiff") has answered the opening brief of Defendants Drytec Ltd.,[1] Drytec Contract Processing Ltd. ("Drytec CP"), Anhydro U.K. Ltd. ("Anhydro U.K."), and Anhydro Holding A/S (collectively, "Co-Defendants") in support of their motion to dismiss for lack of personal jurisdiction. ("Ans. Br.") (D.I. 84).  Co-Defendants submit this reply memorandum in response to plaintiff's answering brief and in further support of their motion to dismiss.

## II.    SUMMARY OF ARGUMENT

Plaintiff's answering brief fails to present evidence sufficient to meet its burden of establishing that this Court may exercise personal jurisdiction over Co-Defendants. Plaintiff relies on legally irrelevant facts regarding the relationship between SPI Pharma, Inc. ("SPI Pharma") and Co-Defendants, none of which relate to personal jurisdiction.



---

[1]  As explained in Co-Defendants' Opening Brief, Drytec Ltd.'s name was formally changed to Anhydro U.K., Ltd. on January 7, 2007.  As used herein, the name "Anhydro U.K. Ltd." refers both to Anhydro U.K. Ltd. and predecessor Drytec Ltd.

████████████████████████████████

███████████████ Anhydro Holdings A/S has had absolutely no contacts with

Delaware, and plaintiff fails utterly to establish a basis for personal jurisdiction over

Anhydro Holding A/S.

Even after taking additional jurisdictional discovery from Co-Defendants,

plaintiff has not adduced the necessary evidence to show that any of Co-Defendants has

the requisite minimum contacts with Delaware for this Court to exercise personal

jurisdiction under the Delaware long arm statute.  As for a Due Process analysis, none of

Co-Defendants availed themselves of the benefits of the forum or purposefully directed

any activities at residents of Delaware.  Accordingly, Co-Defendants respectfully request

that this Court grant their motion to dismiss for lack of personal jurisdiction.

## III.    ARGUMENT

### A.    None of the Co-Defendants Are Amenable To Personal Jurisdiction Under the Delaware Long-Arm Statute

Plaintiff's answering brief cites legally irrelevant facts and fails to cite sufficient

evidence to meet its burden of proof.  *Telcordia Technologies, Inc. v. Alcatel S.A.*, Civ.

No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194, *5-*6 (D. Del. May 27, 2005) (plaintiff

bears the burden of alleging facts sufficient to make a *prima facie* showing of personal

jurisdiction…To meet this burden, plaintiff must adduce facts which "establish with

reasonable particularity" that jurisdiction over defendant exists.). ██████████████

████████████████████████████████

██████████████████████████████

████████████████████████████████



As for Anhydro Holding A/S, it is a corporate parent and does not have any contacts with Delaware. Plaintiff's reference to alleged "review" by Anhydro Holding A/S of the toll-manufacturing agreement between SPI Pharma and Drytec CP is a red herring and has no bearing on this case or the issue of jurisdiction.

1.  

Plaintiff acknowledges that FDA regulations require that a foreign drug manufacturer appoint a statutory agent for pharmaceutical products that are imported into the United States. See Ans. Br. p. 6. The pertinent federal regulation, 21 C.F.R. § 207.40, explains the role of this statutory agent:

> Upon request from FDA, the United States agent shall assist FDA in communications with the foreign drug establishment, respond to questions concerning the foreign drug establishment's products that are imported or offered for import into the United States, and assist FDA in scheduling inspections of the foreign drug establishment. If the agency is unable to contact the foreign drug establishment directly or expeditiously, FDA may provide information or documents to the United States agent, and such an action shall be considered to be equivalent to providing the same information or documents to the foreign drug establishment.

21 C.F.R. § 207.40(c)(2).





*Sternberg v. O'Neil*, 550 A.2d 1105, 1109 (Del. 1988) ("Express consent has been found to be a basis for jurisdiction when a foreign corporation appoints an agent *for service of process*.") (emphasis added).

█████████████████ *See Alcoa Inc. v. Alcan Inc.*, Civ. No. 06-451-SLR, 2007 U.S. Dist. LEXIS 51565, *8 (D. Del. July 17, 2007) ("An agency relationship alone, however, is not sufficient to confer jurisdiction."); *Monsanto Co. v. Syngenta Seeds, Inc.*, Civ. No. 04-305-SLR, 2006 U.S. Dist. LEXIS 54534, at *20 (D. Del. Aug. 4, 2006); *Telcordia Technologies, Inc. v. Alcatel S.A.*, Civ. No. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194, at *9 (D. Del. May 27, 2005); *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991).  Plaintiff's assertion to the contrary is meritless and should be rejected by the Court.

2.





---

[5] "Kennet Dep." refers to the deposition of Paul C. Kennet taken in this matter on July 13, 2007. Relevant portions of Mr. Kennet's deposition may be found at Exhibit A attached hereto.

[6] Toll manufacturing is a "type of arrangement, where one party owns the input and the output of a manufacturing process undertaken by another party." *Eli Lilly & Co. v. Zenith Goldline Pharma., Inc.*, 172 F. Supp. 2d 1060, 1068 n.9 (S.D. Ind. 2001); *see also Wassall PLC v. La Mirada Products Co., Inc.*, 93 Civ. 4782 (CMM), 1993 U.S. Dist. (continued)



Under Delaware law, the "shipment of goods into a state by common carrier, without more, does not constitute 'transaction of business'" under Section 3104(c)(1).

*Applied Biosystems*, 772 F. Supp. at 1467 (citing *Moore v. Little Giant Industries, Inc.*, 513 F. Supp. 1043, 1046 (D. Del. 1981)); *Sears, Roebuck & Co. v. Sears plc*, 774 F. Supp. 1289, 1294 (D. Del. 1990); see also *Digi-tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996) ("The shipment of the samples into the forum represents a 'casual' or 'fortuitous' contact rather than a significant contact with the forum.") (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

---

LEXIS 16609, at *4 (S.D.N.Y. Nov. 24, 1993) ("Under a toll manufacturing agreement, one party produces products owned by another party.").

3.     **None of Co-Defendants Derives Substantial Revenue From Services or Things Used or Consumed in Delaware**



show that any of Co-Defendants regularly solicited business in Delaware or engaged in a

persistent course of conduct in Delaware.  Plaintiff, therefore, has failed to meet its

burden in proving general jurisdiction over Co-Defendants.



construed the term "substantial revenue" to mean that two to three percent of total

revenue is sufficient to confer jurisdiction.  *M&M Technologies, Inc. v. Gurtler

Chemicals, Inc.*, Civ. No. 03-994 GMS, 2005 U.S. Dist. LEXIS 1726, *13-14 (D. Del.

Feb. 8, 2005) (citing *United States v. Consolidated Rail Corp.,* 674 F. Supp. 138, 144 (D.

Del. 1987)).  However, when a defendant's sales to customers in Delaware constitute less

than one percent of total revenue, it is not substantial enough to warrant an exercise of

jurisdiction.  *Bell Helicopter Textron, Inc. v. C&C Helicopter Sales, Inc.,* 295 F. Supp. 2d

400, 405 (D. Del. 2002).  Plaintiff, the party whose burden it is to prove that Co-

Defendants derive substantial revenue from services rendered, cites to the Blackney

Decl., Ex. A, to support its contention. 

(continued)



4.    **There Is No Legal or Factual Basis for This Court to Exercise Personal Jurisdiction over Anhydro Holding A/S**

This Court has held consistently that it may not exercise personal jurisdiction over a foreign holding company in a patent infringement suit merely because of that company's corporate relationship with an allegedly infringing subsidiary. *See Alcoa Inc.*, 2007 U.S. Dist. LEXIS at *8; *Monsanto*, 2006 U.S. Dist. LEXIS at *32; *Telcordia*, 2005 U.S. Dist. LEXIS at *31; *Applied Biosystems*, 772 F. Supp. at 1472. Plaintiff cites no case law to the contrary. Moreover, "In Delaware, to reach a parent corporation under the alter ego theory, the party asserting jurisdiction must establish some fraud, injustice, or inequity in the use of the corporate form." *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998). Anhydro Holding A/S has had absolutely no dealings with SPI Pharma and no contacts with the State of Delaware. Jensen Decl. ¶¶ 9-20. Additionally, plaintiff has not alleged any fraud, injustice or inequity that is attributable



"Jensen Decl." refers to the Declaration of Bjarne Henning Jensen filed on July 9, 2007. (D.I. 73).

to Anhydro Holding A/S. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

Q.   ████████████████████████████████████████████████

A.   ████████████████████████████████

Q.   ████████████████████

A.   ████████████████████████████████████████████████
     ████████████████████████████████████████████████
     ████████████████████████████████████████████████

████████████████████████████   Moreover, the fact that Anhydro Holding

A/S published on its website that its regional sales companies would assume the

"Anhydro" name is legally irrelevant and, in the case of Drytec CP, untrue. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████   "Plaintiff has put forward no evidence

that tends to shed any light on 'the arrangement between [Anhydro Holding A/S and

either subsidiary], the authority given in that arrangement,[13] and/or the relevance of that

---

[13] Even if there existed an "approval requirement" like the one plaintiff raises in its Ans.
Br. p. 11, plaintiff provides no evidence to even remotely suggest that such input would
have taken place in the State of Delaware. See *Ace & Co., Inc. v. Balfour Beatty PLC*,
148 F. Supp. 2d 418, 425 (D. Del. 2001) ("The agency theory requires not only that the
(continued)

arrangement to the plaintiff's claim.'" *Alcoa Inc.*, 2007 U.S. Dist. LEXIS at *10 (quoting

*C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 560 (D. Del. 1998)).  The law is clear

that the mere fact that Anhydro Holding A/S is a corporate parent is not sufficient to

require Anhydro Holding A/S to appear here and defend itself against suit in this forum.

### B.    This Court Lacks Constitutional Power To Exercise Personal Jurisdiction Over Drytec

Plaintiff has not shown that any of Co-Defendants has sufficient contacts with the

State of Delaware to establish general personal jurisdiction under the Due Process

Clause.  Moreover, none of Co-Defendants' alleged "contacts" with Delaware rises to the

level of "continuous and systematic" contacts with the forum state.  *Helicopteros*

*Nacionales de Columbia v. Hall*, 466 U.S. 408, 416 (1984).  Co-Defendants do not

maintain an office, place of business, factory, showroom, mailing address or telephone

listing in the State of Delaware; Co-Defendants are not authorized, registered or qualified

to do business in the State of Delaware; and Co-Defendants do not have an agent for

service of process in the State of Delaware. ████████████████████████

████████████████████     Additionally, the implicit notions of fair play

and substantial justice embodied in the Due Process Clause do not permit Co-Defendants

to be summoned into this litigation.

---

precise conduct shown to be instigated by the parent be attributable to the parent, but also
that such conduct satisfy § 3104(c)(1); i.e., ***that the jurisdictional conduct take place in
Delaware***." (internal citations omitted) (emphasis added)).

IV.     **CONCLUSION**

For the reasons set forth above, Co-Defendants respectfully request the Court to

dismiss them from this action for lack of personal jurisdiction.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Jeffrey T. Castellano*
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com
*Attorneys for Defendants*

OF COUNSEL:

Brian P. Murphy
Oren D. Langer
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Dated: August 3, 2007

## CERTIFICATE OF SERVICE

I, Jeffrey T. Castellano, hereby certify that on August 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Mary B. Graham, Esquire
Julia Heaney, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

I further certify that on August 10, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

**BY E-MAIL**

Douglas V. Rigler, Esquire
Young & Thompson
745 South 23rd Street, Suite 200
Arlington, VA 22202

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Defendants*

# EXHIBIT A

# REDACTED IN ITS ENTIRETY

# EXHIBIT B

# REDACTED IN ITS ENTIRETY