# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

September 10, 2007

**BY E-FILING and HAND DELIVERY**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
844 King Street
Wilmington, DE 19801

        Re:    *Roquette Frères v. SPI Pharma, Inc., et al.*
              C.A. 06-540 (\*\*\*)

Dear Judge Thynge:

      Pursuant to the Court's rulings issued during the August 28, 2007 telephone conference, the parties submit the enclosed joint Proposed First Amended Scheduling Order.

      The proposed schedule contains amended dates in paragraphs 3(c), 3(d), 7 and 8. The parties have included a proposed date for an interim status conference in paragraph 8, but understand that the date is subject to the Court's schedule.

                                      Respectfully,

                                      */s/ Julia Heaney*
                                      Julia Heaney

cc:    Dr. Peter Dalleo, Clerk (By e-filing)
           John W. Shaw (By e-mail)
           Oren D. Langer (By e-mail)

Enclosure
1230052

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROQUETTE FRÈRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-540 (***) |
| | ) |
| SPI PHARMA, INC. and DRYTEC LTD., | ) |
| | ) |
| Defendants. | ) |

### [PROPOSED] FIRST AMENDED SCHEDULING ORDER

WHEREFORE on this _____ day of _____, 2007, the Court having conducted a telephone conference with the parties on August 28, 2007, and the Court having issued certain rulings during that telephone conference that require amendment to the Court's Scheduling Order (D.I. 37);

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of the original scheduling Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before May 19, 2007.

  3. Discovery.

    a. <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of forty-five (45) hours of taking testimony by deposition upon oral examination.

    b. <u>Location of Depositions</u>.  Any <u>party</u> or representative (officer, director, or managing agent) of a party filing a civil action in this district must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    c. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before April 17, 2008.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly enforced.

    The parties shall <u>simultaneously</u> exchange contention interrogatory responses on October 22, 2007.

    d. <u>Disclosure of Expert Testimony</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 25, 2008.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before February 25, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    To <u>the</u> extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as

incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    e. <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking relief shall contact chambers at (302) 573-6173 to schedule a telephone conference.  Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

  4. <u>Application to Court for Protective Order</u>.  A protective order was entered on May 4, 2007.

  5. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

  6. <u>ADR Process</u>.  To be discussed during the status conference on December 13, 2007.

  7. <u>Interim Status Report</u>.  On December 3, 2007, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

    8. <u>Status Conference</u>.  On December 13, 2007, the Court will hold a conference by telephone with counsel beginning at _____ \_\_\_\_.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  In addition, the dates for the remainder of the scheduling order will be discussed.

    If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

    9. <u>Tutorial Describing the Technology and Matters in Issue</u>.  To be discussed during the status conference on December 13, 2007.

    10. <u>Case Dispositive Motions</u>.  To be discussed during the status conference on December 13, 2007.

    11. <u>Claim Construction Issue Identification</u>.  To be discussed during the status conference on December 13, 2007.

    12. <u>Claim Construction</u>.  To be discussed during the status conference on December 13, 2007.

    13. <u>Hearing on Claim Construction</u>.  To be discussed during the status conference on December 13, 2007.

    14. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to

Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference</u>. To be discussed during the status conference on December 13, 2007.

16. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial</u>. To be discussed during the status conference on December 13, 2007

_____
UNITED STATES MAGISTRATE JUDGE

1230061