# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JEFFREY T. CASTELLANO
DIRECT DIAL: 302-571-3587
DIRECT FAX: 302-576-3551
jcastellano@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 12, 2007

**BY CM/ECF**

**REDACTED -
PUBLIC VERSION**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    Roquette Freres v. SPI Pharma, Inc., et al.
           C.A. No. 06-540-***

Dear Magistrate Judge Thynge:

On behalf of defendant SPI Pharma, Inc. ("SPI"), and further to the teleconference before Your Honor on August 28, 2007, we write to ask the Court to require certain conditions related to ███████████████████████████████████████████████████████████████████ As explained below, these conditions will preserve the highly confidential, ██████████████████████████, ensure fairness in discovery, and otherwise entitle Roquette's test results to evidentiary weight. On a separate issue, we also request that the Court order Roquette to produce its witnesses for deposition at the offices of Roquette's counsel in the United States, rather than in Paris, France, as Roquette demands.

████████████████████████████████

**A.**  ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Under the existing provisions of the Protective Order dated May 4, 2007, Roquette's outside counsel may disclose any SPI "Confidential" information to Roquette's in-house counsel, Mr. Bruno Quenon, pursuant to his designation as a qualified individual under Paragraph 3(iii) of the Protective Order. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████ Accordingly, SPI requests, pursuant to Paragraph 17 of the Protective Order, that the Court order Roquette's outside counsel to treat this material, and any documents generated by the parties and their outside independent experts in connection with its testing, as "Highly Confidential - Trade Secret Information Under Protective Order / Outside Attorneys' and Qualified Independent Expert's Eyes Only." This

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
September 12, 2007
Page 2

requirement will safeguard the confidentiality of this information, but otherwise allow the parties to continue operating under the existing provisions of the Protective Order with respect to other discovery.

B. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Under Fed. R. Civ. P. 34(a), a party is allowed to test "tangible things" within the possession, custody or control of a party, but safeguards are typically imposed on such testing. *See In Re Newman*, 782 F.2d 971, 974 (Fed. Cir. 1986) (The Federal Rules "are more than guidelines for orderly litigation; they ensure that the proceedings are conducted fairly, with the objective of uncovering the truth, and in accordance with fundamental principles of due process."). Chief among those safeguards is the requirement for *inter partes* testing. *Id.* ("Such tests routinely are made in the presence of the opposing party, and the test data are routinely provided to all the parties."). In *Newman*, the Federal Circuit ordered the District Court to require that petitioner be given prior notice of an outside agency's testing program, an opportunity to observe the tests, and copies of any test reports. *Id.* at 975.

Also, it is well-settled that courts give little probative weight to evidence of testing conducted by an interested party in the absence of its adversary. *See Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.*, C.A. No. 95-666-SLR, 1998 U.S. Dist. LEXIS 3893, *38 (D. Del. March 13, 1998) (defendant's tests in patent infringement action are suspect because of their *ex parte* nature and entitled to little evidentiary weight) (citing *Wagoner v. Barger*, 463 F.2d 1377, 1382 (CCPA 1972); *Kraftco Corporation v. Beatrice Foods Co.*, 342 F. Supp. 1361, 1380-81 (D.N.J. 1971)); *see also Congoleum Industries, Inc. v. Armstrong Cork Company*, 319 F. Supp. 714, 716 (E.D. Pa. 1970) (noting established doctrine that evidence of *ex parte* tests "is always received with suspicion and given only negligible probative value."). Roquette has no basis to object to SPI's presence during the testing; on the contrary, Roquette should welcome SPI's presence as an opportunity to support the objectivity and evidentiary weight of the purported infringement testing.[1]

In light of these considerations, SPI respectfully requests that the Court set the following conditions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2) Roquette must treat the sample material, and any documents generated in connection with its testing, as Highly Confidential – Trade Secret Information Under Protective Order / Outside Attorneys' and Independent Expert's Eyes Only;

3) The material must be stored in a locked cabinet in Roquette's outside counsel's office. Outside counsel must maintain a log identifying all persons who are given access to the

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Mary Pat Thynge
September 12, 2007
Page 3

 material and the time, date and circumstance of such access;
4) Roquette must identify and qualify an independent expert under the Protective Order to test the material;
5) Roquette shall provide SPI with 30 days notice prior to any testing of the material by Roquette's independent expert. SPI's counsel and independent expert can be present at Roquette's testing of the material. SPI can record the entire test procedure undertaken by Roquette either stenographically and/or by video recording; and
6) Roquette shall produce to SPI all documents generated in connection with the testing, including raw data, test methods, protocols and results.

**ROQUETTE SHOULD PRODUCE ITS WITNESSES FOR DEPOSITION IN THE UNITED STATES**

During the parties' September 10 meet-and-confer teleconference, SPI offered to defend SPI witnesses in New York, and to take the deposition of Roquette witnesses in Arlington, Virginia. Although agreeing to depose SPI witnesses in New York, Roquette indicated that its witnesses were available only in Paris, France.

Roquette's tactic is fundamentally unfair and unduly burdens SPI. As plaintiff who commenced suit in this forum, Roquette could certainly foresee that its employees would be summoned to the United States for deposition in the course of the litigation. *U.S. v. $160,066.98 From Bank of America*, 202 F.R.D. 624, 627 (S.D. Cal. 2001). When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of the federal rules of discovery, "the foreign corporation's agents are frequently compelled for deposition on American soil." *Custom Form Manufacturing, Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000). Moreover, as Roquette has availed itself of the liberal federal rules of discovery throughout the course of this litigation, fairness dictates that any depositions of Roquette's witnesses should take place in the United States so that SPI may have recourse to these same rules. This arrangement also avoids compromising this Court's authority to intervene as necessary during the deposition, and any foreign judicial sovereignty issues that might otherwise arise. *Id.* at 336-337.

Accordingly, SPI respectfully requests that the Court order Roquette to produce its witnesses for deposition at its counsel's offices in the United States.

Respectfully submitted,

Jeffrey T. Castellano (I.D. No. 4837)

JTC:mmeeh
cc: Clerk, U.S. District Court (Redacted Version by CM/ECF)
  Mary B. Graham, Esquire (Redacted Version by E-mail)
  Julia Heaney, Esquire (Redacted Version by E-mail)
  Douglas V. Rigler, Esquire (By E-mail)