IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROQUETTE FRERES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-540-MPT |
| | ) | |
| SPI PHARMA, INC., *et al.* | ) | **REDACTED –** |
| | ) | **PUBLIC VERSION** |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF ROQUETTE FRERES'
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL ANSWERING BRIEF**

Defendants SPI Pharma, Inc. ("SPI"), Anhydro U.K. Ltd.,[1] Drytec Contract Processing Ltd., and Anhydro Holding A/S (collectively "the Drytec Entities") respectfully ask the Court to deny Plaintiff Roquette Freres' ("Roquette") Motion for Leave to File a Supplemental Answering Brief ("Motion for Leave") (D.I. 129), for the following reasons: (1) the new evidence cited by Roquette is not dispositive of any jurisdictional issue pending before the Court; (2) adding factual material to the record now violates this Court's discovery rulings; and (3) Roquette's attachment of its supplemental brief to the Motion for Leave violates the Local Rules of this Court.

If the Court grants Roquette's motion and permits supplementation, Defendants request that they be permitted to comment on Roquette's supplementation, either in a supplemental reply brief, or in some other format, as the Court wishes.

---

[1] Drytec Ltd. changed its name to Anhydro U.K. Ltd. in January of 2007 but effected no other change to the company. *See* (D.I. 71) at 1. As such, "Anhydro U.K." as used herein, refers to both Anhydro U.K. and predecessor Drytec Ltd.

## NATURE AND STAGE OF THE PROCEEDINGS

1. On May 21, 2007, Roquette filed a motion to amend its complaint to add the Drytec Entities. (D.I. 48). SPI opposed the joinder of the Drytec Entities on the grounds that amendment of the complaint would be futile, as none of the Drytec Entities were subject to personal jurisdiction in Delaware. (D.I. 56).

2. Roquette requested that the Court permit discovery into whether the Drytec Entities were subject to personal jurisdiction in Delaware.[2] (D.I. 59). At a June 13, 2007 teleconference the Court granted Roquette's request to take jurisdictional discovery, but made clear that this discovery was to be extremely limited in scope and time. *See* Tr. (D.I. 64) at 22-23. In the meantime, pursuant to the Court's instructions, Roquette filed its second amended complaint, adding the Drytec Entities. (D.I. 67).

3. Following the close of the jurisdictional discovery period, on July 10, 2007, the Drytec Entities filed a motion to dismiss for lack of personal jurisdiction. (D.I. 70). Roquette's answering brief (D.I. 84) was filed on July 27, 2007, and the Drytec Entities replied on August 3, 2007 (D.I. 88).

4. Three months later, on November 2, 2007, Roquette filed a motion for leave to file a supplemental answering brief in opposition to the Drytec Entities' motion to dismiss for lack of personal jurisdiction. (D.I. 129). Roquette seeks leave to add to the record testimony given by SPI's President during an October 31, 2007 deposition. Roquette argues that this testimony establishes that an official associated with two (but not all) of the Drytec Entities, Anhydro U.K. Ltd. and Drytec Contract Processing, visited Delaware *once*. *Id.* Roquette's motion makes no effort to explain its failure to gather this purportedly relevant testimony earlier,

---

[2] Roquette had previously taken discovery on the issue of whether Drytec Ltd. is subject to personal jurisdiction in Delaware. *See* Tr. (D.I. 64) at 3, 6-7.

and it does not assert that any defendant hindered or prevented it from gathering this testimony during the allotted time. *Id.*

## ARGUMENT

I. **Roquette Disregarded the Court's Mandate for Limited Jurisdictional Discovery.**

5. Roquette's Motion for Leave makes no attempt to argue that good cause exists to reopen the briefing record and to effectively enlarge the jurisdictional discovery period. The Court previously ruled that jurisdictional discovery with regard to the Drytec Entities would be extremely limited in time and scope. *See* Transcript of June 13, 2007 teleconference (D.I. 64) at 22-23 ("I'm going to allow . . . very limited further discovery, and I want it done and I want it done soon. . . . Let's get the discovery completely done. It's going to be limited. . . . basically it's going to be one deposition to follow-up with whatever documents, that's it, get it done, get the amendment in and supplement, then the briefing and get it done and overwith so I have everything teed up."). Roquette took its allotted single deposition on July 13, 2007, *see* (D.I. 84) at 2, but now seeks to introduce testimony that was obtained at the end of October, months after jurisdictional discovery closed. Roquette's Motion for Leave does not establish any justification for this delinquency, let alone good cause, and therefore the motion should be denied. *Cf.* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the [court]."); *Koplove v. Ford Motor Co.*, 795 F.2d 15, 17 (3d Cir. 1986) ("If [scheduling orders] can be disregarded without a specific showing of good cause, their utility will be severely impaired.").

6. Roquette was twice given the opportunity to conduct–and twice did conduct–jurisdictional discovery. Three months have passed since the completion of briefing on the issue of personal jurisdiction over the Drytec Entities and nine months have passed since completion

of briefing on the issue of personal jurisdiction over Drytec Ltd. Roquette has not alleged that it was hindered in its jurisdictional discovery efforts, and did not seek additional discovery from Defendants, or relief from the Court, during the jurisdictional discovery periods.

7. Roquette had the letter on which it questioned Mr. Kayal, and upon which the testimony Roquette now seeks to introduce was based, when briefing on the motion to dismiss the Drytec Entities for lack of personal jurisdiction was ongoing. *See* (D.I. 84) at 10. Yet Roquette did not take advantage of its opportunity to investigate this matter during the court-allotted time or its opportunity to devise a discovery strategy that would have allowed it to obtain this testimony. Roquette's desire to advance a new argument is not good cause, and without further justification, the Motion for Leave should be denied.

## II. Roquette's Motion and Supplemental Answering Brief Are Not in Accord with the Court's Local Rules.

8. Consistent with the benefits of closing the discovery record, the Local Rules prohibit Roquette from adding new facts after the completion of briefing. *See* LR 7.1.2(b) (explaining that after briefing on an issue is complete, "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."); *Chambers v. Doe*, 453 F. Supp. 2d 858, 861 n.3 (D. Del. 2006) (striking plaintiff's sur-reply brief where the brief belatedly raised arguments not raised in plaintiff's answering brief, and denied defendants the full opportunity to explore and address the arguments); *Chesapeake Utils. Corp. v. Am. Home Assurance Co.*, 704 F. Supp. 551 (D. Del. 1989) (denying motion for leave to supplement brief where the motion was filed "well after the conclusion of the scheduled period for briefing" and was not made for the purposes of adding later-decided cases or addressing issues that arose on oral argument).

4

9. Perhaps recognizing that the supplemental brief attached to its Motion for Leave does not meet these standards, but hopeful, nonetheless, that the court would take a look, Roquette attached the supplemental brief to its motion. Such attachment absent court approval is improper. *See* LR 7.1.2; *Kondrath v. Arum*, 881 F. Supp. 925, 927 (D. Del. 1995) ("After the defendants filed their reply brief, the plaintiffs filed a motion for leave to file a sur-reply brief and the sur-reply brief itself concurrently . . . . Since [court] approval was neither sought nor granted before the plaintiffs filed their sur-reply brief, that filing was improper.").

### III. The Evidence Roquette Seeks to Introduce Does Not Make a Case for Personal Jurisdiction.

10. The evidence on which Roquette's Motion for Leave and the attached supplemental answering brief is based does nothing to help Roquette on the merits of its argument in favor of personal jurisdiction, and therefore supplementation is not necessary. The testimony on which Roquette exclusively relies, a short quote from SPI's President, Shuvashis Kayal, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ —facts to which Roquette fails to alert the court, and facts that would not be part of the briefing record due to Roquette's failure to adhere to the Court's orders and the Court's Local Rules. *See* Transcript of S. Kayal Deposition, October 31, 2007 (attached hereto as Exhibit A) at 36-37; 40. ████████████████████████████████

████████████████████████████████████████

11. Furthermore, the portion of Mr. Kayal's testimony cited by Roquette ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as Roquette alleges in its supplemental answering brief. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ attached hereto as Exhibit B; Exh. A at 34-38; 43-45.

12. This testimony does not satisfy Roquette's burden[3] to show that its claims of infringement against the Drytec Entities arose out of or are related to the alleged visit so as to give rise to specific jurisdiction. *See URS Corp. v. Lebanese Co. for the Dev. & Reconstruction of Beirut Cent. Dist. SAL*, 2007 U.S. Dist. LEXIS 72726, at *42 (D. Del. Sept. 28, 2007) ("Specific personal jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

13. Nor does the testimony of Mr. Kayal support a finding that the Drytec Entities are subject to general personal jurisdiction in Delaware. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984) ("The one trip to Houston by Helicol's chief executive officer for the purpose of negotiating the transportation-services contract with Consorcio/WSH cannot be described or regarded as a contact of a 'continuous and systematic' nature"); *Mobil Oil*

---

[3] It is Roquette's burden to establish that personal jurisdiction exists over the Drytec Entities. *See URS Corp.*, 2007 U.S. Dist. LEXIS 72726, at *40 ("Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction.") (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

*Corp. v. Advanced Envtl. Recycling Technologies*, 833 F. Supp. 437, 445 (D. Del. 1993) (single visit not enough to give rise to general jurisdiction).

WHEREFORE, Defendants respectfully request that the Court deny Roquette's Motion for Leave to File a Supplemental Answering Brief.

If the Court grants Roquette's Motion for Leave, Defendants would request the opportunity to respond fully to Roquette's Supplemental Answering Brief, either in a Supplemental Reply Brief, or in another form, as the Court wishes.

                Respectfully submitted,

                YOUNG CONAWAY STARGATT
                & TAYLOR, LLP

                /s/ John W. Shaw

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jcastellatno@ycst.com
*Attorneys for SPI Pharma, Inc.*

OF COUNSEL:
Brian P. Murphy, Esq.
Daniel P. Murphy, Esq.
Oren D. Langer, Esq.
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Dated: November 16, 2007

7

## **CERTIFICATE OF SERVICE**

I, Jeffrey T. Castellano, hereby certify that on November 27, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esquire
>Julia Heaney, Esquire
>Morris, Nichols, Arsht & Tunnell LLP
>1201 North Market Street
>Wilmington, DE  19801

I further certify that on November 27, 2007, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel of record and on the following in the manner indicated:

>**BY E-MAIL**
>
>Douglas V. Rigler, Esquire
>Young & Thompson
>745 South 23rd Street, Suite 200
>Arlington, VA  22202

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Jeffrey T. Castellano*
>John W. Shaw (No. 3362)
>Jeffrey T. Castellano (No. 4837)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>jcastellano@ycst.com
>
>*Attorneys for Defendants*

# EXHIBITS A AND B

## REDACTED IN THEIR ENTIRETY