IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROQUETTE FRÈRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-540 (***) |
| | ) | |
| SPI PHARMA, INC..; DRYTEC LTD.; | ) | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| ANHYDRO U.K. LTD.; | ) | |
| DRYTEC CONTRACT PROCESSING LTD.; | ) | |
| and ANHYDRO HOLDING A/S | ) | REDACTED--PUBLIC VERSION |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ROQUETTE FRÈRES' REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE A SUPPLEMENTAL ANSWERING BRIEF**

Two days after obtaining deposition testimony that is relevant and contrary to the Drytec Entities' assertions in their pending motion to dismiss (D.I. 70), Roquette moved for leave to file a brief two-page supplement to its Answering Brief (D.I. 84), requesting the opportunity to have the Court consider that testimony. ("Motion for Leave") (D.I. 129).

Defendants SPI and the Drytec Entities (collectively "Defendants") filed their joint Response on November 16, 2007 ("Response") (D.I. 132).[1] In their Response, Defendants argue that: (1) the new testimonial evidence is not <u>dispositive</u> of the pending jurisdictional issue; (2) the Court's discovery rulings preclude the Court's consideration of the new evidence; and (3) Local Rules prohibited Roquette from attaching the proposed supplemental brief to its Motion for Leave. (*See* Response at 1).

---

[1] Plaintiff's underlying motion for leave relates solely to the Drytec Entities' pending motion to dismiss. SPI did not participate in any of the briefing on the Drytec Entities' motion. Roquette considers SPI's response here, on a motion to which it is neither a moving nor an affected party, to be improper.

1

For the following reasons, Defendants' arguments fail to refute, and in fact bolster, Roquette's showing of sufficient cause for the Court to consider the new testimonial evidence.

## ARGUMENT

**1.    The Testimonial Evidence that the Drytec Entities' Managing Director Visited Delaware Refutes the Drytec Entities' Contrary Representation to the Court**

Defendants' argue that supplementation is not necessary because Mr. Kayal's testimony – ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ – is not entitled to "conclusive weight" as to whether such visit actually occurred. (Response, at ¶ 10). Defendants' argument is both irrelevant and incorrect.

Mr. Kayal's testimony provides first hand knowledge that is at once relevant to disputed facts and contrary to Defendants' prior representations to the Court. Defendants' contention that the Court should limit its consideration to evidence that the Drytec Entities consider to be conclusive should be rejected.

Moreover, Mr. Kayal's testimony is in fact conclusive. Mel Pope – then Managing Director of Drytec, Ltd. and Drytec Contract Processing, Ltd. – wrote to Mr. Kayal on September 29, 2000, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■[2] Mr. Kayal replied to Mel Pope on October 2, 2000 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Response, Exh. B, at 1). Mr. Kayal testified in his deposition that he ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Response, Exh. A, at 44:8-10). In the same answer, Mr. Kayal explained that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

[2]    Mel Pope's letter was provided in Exh. E to Roquette's Answering Brief (D.I. 84), and is attached as Exh. 1 hereto for the Court's convenience.

███████████████████████████████████████████
███████████████████████

Thus, Mr. Kayal stated not only his belief ████████████████████████████ but provided objective reasons why that belief must be correct. According to Mr. Kayal, SPI had

████████████████████████████████████████████
████████████████████████████████████████████

Contrary to Mr. Kayal's testimony, the Drytec Entities previously represented in their Reply Brief on their pending motion to dismiss that "████████████████████████
████████████████████████████████████████████
████████". (D.I. 88 at 8, n. 7). Defendants further represented that Paul C. Kennett – Mr. Pope's successor as Managing Director – "█████████████████████████
████████████████████████████████████████████
████████████████████" (*Id.*). Mr. Kayal's testimony refutes those representations.

Defendants characterization that ████████████████████████████
████████████████████████████████████████████
████████████████, (Response at ¶ 11) is demonstrably incorrect. As noted, Mr. Kayal testified that he ████████████████████████████████████
████████████████████" (Response, Exh. A, at 44:12-15) (emphasis provided). Moreover, in the memorandum referenced by and enclosed with Mel Pope's letter to Mr. Kayal, Mr. Pope stated as the objective:

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

Mr. Pope also stated in that memorandum sent to Mr. Kayal that:

3



Defendants' argument that Mr. Kayal's testimony is not dispositive of the Court's jurisdiction over the Drytec Entities (See Response at ¶¶ 12-13) is irrelevant. Mr. Kayal's testimonial evidence, which was not available to Roquette during the briefing of the Drytec Entities' motion to dismiss, supports a finding that the Drytec Entities conducted business in Delaware regarding the spray drying of mannitol which is specifically at issue in this case, and directly refutes the Drytec Entities' prior contrary representations that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Kayal's testimony is one additional piece of the very substantial body of evidence which Roquette has previously submitted in its Answering Brief.

2. **Roquette Filed Its Motion for Leave Two Days After Its *First* Opportunity to Obtain the Testimonial Evidence**

Defendants' contention that Roquette failed to seek the subject testimonial evidence during the Court-appointed jurisdictional discovery period (Response, at ¶¶ 5-7) is without merit.

Prior to briefing on Drytec Ltd.'s first motion to dismiss (D.I. 19), Roquette took limited jurisdictional discovery *from Drytec Ltd.*[3] At that time, counsel representing both SPI and Drytec Ltd. affirmatively disclaimed the fact that SPI had relevant information regarding the then-pending jurisdictional dispute between Roquette and Drytec Ltd. (*See* D.I. 34, at 2 and Exh. C thereto) (providing e-mail correspondence by which counsel for SPI and the Drytec Entities represented that the scheduled deposition of SPI's Colleen Blackney was "unnecessary" and requested and obtained Roquette's consent to cancel that previously noticed deposition).

---

[3] SPI produced the 2000 correspondence between Mel Pope and Mr. Kayal only after the jurisdictional discovery and briefing on Drytec Ltd.'s motion (D.I. 19) was completed.

Prior to briefing on the Drytec Entities' pending motion to dismiss, the Court again granted Roquette jurisdictional discovery, limited to a single deposition of the Drytec Entities. To that end, Roquette again took the deposition of Paul C. Kennet. However, counsel representing both SPI and the Drytec Entities <u>precluded disclosure of SPI's relevant information by denying Roquette's request to show Mr. Kennet any SPI documents – which included Mr. Kayal's letter to Mel Pope. (*See* Exh. 2 hereto).</u>

Despite opposing counsel's impediment to Roquette's ability to question Mr. Kennet on the letter, Mr. Kennet testified that he ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬ (*See* Roquette's Answering Brief (D.I. 84), at 9 and Exh. A thereto, at 24:18-25:18). In light of Mr. Kayal's recent deposition testimony, Mr. Kennet's answer is inaccurate.

Despite Mr. Kennet's denial, Roquette contended in its Answering Brief that the letters exchanged between Mr. Kayal and Mr. Pope evidenced Mr. Pope's personal visit to SPI in Delaware. (D.I. 84, at 9-10). The Drytec Entities denied that contention and affirmatively represented that the submitted letters indicate ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬ (Reply Brief, D.I. 88, at 8, n. 7). In light of Mr. Kayal's recent deposition testimony, the Drytec Entities' representation also is inaccurate.

Thus, Roquette directly sought discovery, within the Court's articulated limits of jurisdictional discovery, on the fact issue of whether any officer of the Drytec Entities personally visited SPI in Delaware regarding the spray drying of mannitol at issue in this case. The Drytec Entities twice-responded (inaccurately) no.

Mr. Kayal's deposition was conducted on the first acceptable date that was offered by SPI. Roquette filed its Motion for Leave two days later.

5

3.  **Roquette's Attachment of Its Proposed Brief to Its Motion For Leave is in Compliance with This Court's Local Rules**

Attempting to provide support for its assertion that attachment of a proposed brief to a motion for leave is improper, Defendants' mischaracterize (and even misquote) this Court's decision in *Kondrath v. Arum*, 881 F. Supp. 925, 927 (D. Del. 1995). There the Court noted that in the context of a motion for leave to file a sur-reply, it was improper for the movant to *separately* file the sur-reply itself. That the Court was addressing a separately filed brief is apparent when presented with the correct quote from *Kondrath*, which is as follows:

> After the defendants filed their reply brief, the plaintiffs filed a motion for leave to file a sur-reply brief, **(D.I. 30)**, and the sur-reply brief itself, **(D.I. 31)**, concurrently on February 16, 1995. . . . Since approval was neither sought nor granted before the plaintiffs filed their sur-reply brief, that filing was improper. (*Kondrath v. Arum*, 881 F.Supp. 925, 927, n. 2 (D. Del. 1995)) (emphasis provided).

Roquette did not file its proposed Supplemental Answering Brief separately. Rather, it attached its proposed supplemental brief to its Motion for Leave, as is routinely done in this Court. *See, e.g., Townes v. Trans Union, LLC*, Civ. A. No. 04-1488-JJF, Slip Copy, 2007 WL 2457484, at *3 (D. Del. Aug. 30, 2007) (granting motion for leave to file the attached supplemental brief and deeming the supplemental brief attached to the motion to be filed).

Moreover, Local Rule 7.1.2(a) requires a moving party to "clearly articulate" the relief requested and the supporting grounds. Obviously, the Court could not fully consider Roquette's motion for leave to file a supplemental brief without considering precisely what Roquette seeks to file.

For all the foregoing reasons, Roquette requests that its Motion for Leave be granted and its supplemental brief attached thereto be deemed filed. Given that Defendants' Response fully

addresses their opposition to Roquette's proposed supplemental brief on the merits, Roquette further requests that Defendants' request to file a supplemental reply brief should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Plaintiff Roquette Frères*

OF COUNSEL:

Douglas. V. Rigler
Andrew J. Patch
YOUNG & THOMPSON
745 South 23rd Street, Suite 200
Arlington, VA  22202
(703) 521-2297

1320063
Original Filing Date:  November 21, 2007
Redacted Filing Date:  November 28, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 28, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>John W. Shaw
>Jeffrey T. Castellano
>YOUNG, CONAWAY, STARGATT & TAYLOR
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 28, 2007 upon the following individuals in the manner indicated:

### BY E-MAIL

>John W. Shaw
>Jeffrey T. Castellano
>YOUNG, CONAWAY, STARGATT & TAYLOR
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391
>
>Brian P. Murphy
>Oren D. Langer
>MORGAN, LEWIS & BOCKIUS LLP
>101 Park Avenue
>New York, NY 10178

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)
jheaney@mnat.com

**EXHIBIT 1**

REDACTED IN ITS ENTIRETY

**EXHIBIT 2**

**Jeffrey Snay**

From: olanger@morganlewis.com
Sent: Tuesday, July 10, 2007 12:59 PM
To: Jeffrey Snay
Cc: rholtham@serlecourt.co.uk
Subject: Re: Roquette v. SPI Pharma

Dear Jeffrey,

We object to Roquette showing Mr. Kennet any SPI Pharma documents. We do not have an objection to Roquette showing Mr. Kennet any Drytec Ltd./Drytec CP documents that were produced by SPI Pharma, but it has to be clear from the face of the document that it is a Drytec document, not an SPI Pharma document. Needless to say, we are not hereby waiving any objections that Mr. Kennet's deposition counsel may raise concerning the documents themselves or to questions pertaining to them.

Sincerely,
Oren

Oren D. Langer
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY  10178
Tel:  212.309.6149
Fax:  212.309.6001
olanger@morganlewis.com
www.morganlewis.com


| | | |
|---|---|---|
| "Jeffrey Snay" <JSnay@young-thompson.com><br><br>07/10/2007 12:02 PM | olanger@morganlewis.com<br><br><br>Roquette v. SPI Pharma | To<br><br>cc<br><br>Subject |


Dear Oren,

Please let us know if you have any objection to our using SPI's produced confidential documents relating to Drytec during the upcoming deposition of Mr. Kennet.

Thanks,
Jeffrey
DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential.  If you are not an intended recipient, you may not review, copy or

1

distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.