# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BEN T. CASTLE | JANET Z. CHARLTON | THE BRANDYWINE BUILDING | JOSEPH M. BARRY | TIMOTHY E. LENGKEEK |
| SHELDON N. SANDLER | ROBERT S. BRADY | 1000 WEST STREET, 17TH FLOOR | SEAN M. BEACH | ANDREW A. LUNDGREN |
| RICHARD A. LEVINE | JOEL A. WAITE | WILMINGTON, DELAWARE 19801 | SANJAY BHATNAGAR | MATTHEW B. LUNN |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | | DONALD J. BOWMAN, JR. | ADRIA B. MARTINELLI |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | P.O. BOX 391 | MICHELE SHERRETTA BUDICAK | KATHALEEN MCCORMICK |
| RICHARD H. MORSE | CRAIG D. GREAR | WILMINGTON, DELAWARE 19899-0391 | JEFFREY T. CASTELLANO | MICHAEL W. MCDERMOTT |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | | KARA HAMMOND COYLE | TAMMY L. MERCER |
| JOSEPH M. NICHOLSON | MARTIN S. LESSNER | (302) 571-6600 | KRISTEN SALVATORE DEPALMA | MARIBETH L. MINELLA |
| CRAIG A. KARSNITZ | PAULINE K. MORGAN | (800) 253-2234 (DE ONLY) | MARGARET M. DIBIANCA | EDMON L. MORTON |
| BARRY M. WILLOUGHBY | C. BARR FLINN | FAX: (302) 571-1253 | MARY F. DUGAN | D. FON MUTTAMARA-WALKER |
| JOSY W. INGERSOLL | NATALIE WOLF | | ERIN EDWARDS | JENNIFER R. NOEL |
| ANTHONY G. FLYNN | LISA B. GOODMAN | | KENNETH J. ENOS | ADAM W. POFF |
| JEROME K. GROSSMAN | JOHN W. SHAW | 110 WEST PINE STREET | IAN S. FREDERICKS | SETH J. REIDENBERG |
| EUGENE A. DIPRINZIO | JAMES P. HUGHES, JR. | P.O. BOX 594 | JAMES J. GALLAGHER | SARA BETH A. REYBURN |
| JAMES L. PATTON, JR. | EDWIN J. HARRON | GEORGETOWN, DELAWARE 19947 | SEAN T. GREECHER | CHERYL A. SANTANIELLO |
| ROBERT L. THOMAS | MICHAEL R. NESTOR | (302) 856-3571 | STEPHANIE L. HANSEN | (NJ & PA ONLY) |
| WILLIAM D. JOHNSTON | MAUREEN D. LUKE | (800) 255-2234 (DE ONLY) | PATRICK A. JACKSON | MONTÉ T. SQUIRE |
| TIMOTHY J. SNYDER | ROLIN P. BISSELL | FAX: (302) 856-9338 | DAWN M. JONES | MICHAEL P. STAFFORD |
| BRUCE L. SILVERSTEIN | SCOTT A. HOLT | | KAREN E. KELLER | CHAD S.C. STOVER |
| WILLIAM W. BOWSER | JOHN T. DORSEY | WWW.YOUNGCONAWAY.COM | JENNIFER M. KINKUS | JOHN E. TRACEY |
| LARRY J. TARABICOS | M. BLAKE CLEARY | | EDWARD J. KOSMOWSKI | TRAVIS N. TURNER |
| RICHARD A. DILIBERTO, JR. | CHRISTIAN DOUGLAS WRIGHT | DIRECT DIAL: (302) 576-3587 | JOHN C. KUFFEL | MARGARET B. WHITEMAN |
| MELANIE K. SHARP | DANIELLE GIBBS | DIRECT FAX: (302) 576-3551 | | SHARON M. ZIEG |
| CASSANDRA F. ROBERTS | JOHN J. PASCHETTO | jcastellano@ycst.com | SPECIAL COUNSEL | |
| RICHARD J.A. POPPER | NORMAN M. POWELL | | JOHN D. MCLAUGHLIN, JR. | SENIOR COUNSEL |
| TERESA A. CHEEK | ELENA C. NORMAN | | KAREN L. PASCALE | CURTIS J. CROWTHER |
| NEILLI MULLEN WALSH | | | PATRICIA A. WIDDOSS | |
| | | | | OF COUNSEL |
| | | | | BRUCE M. STARGATT |
| | | | | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

November 29, 2007

**BY CM/ECF**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

Re: <u>Roquette Freres v. SPI Pharma, Inc., et al., C.A. No. 06-540-***</u>

Dear Judge Thynge:

Pursuant to the Court's instruction, enclosed with this letter please find the section of the transcript of the November 14, 2007 deposition of Michel Serpelloni containing the Court's ruling on counsel for plaintiff's instructions to the witness not to answer certain questions.

Respectfully submitted,

/s/ Jeffrey T. Castellano

Jeffrey T. Castellano (#4837)

JTC:mcm
Enclosure

cc: Clerk, U.S. District Court (By CM/ECF and Hand Delivery)
Mary B. Graham, Esquire (By CM/ECF and Hand Delivery)
Julia Heaney, Esquire (By CM/ECF and Hand Delivery)
Douglas V. Rigler, Esquire (By E-mail)

Confidential

Page 1

1              MICHEL SERPELLONI
2         UNITED STATES DISTRICT COURT
3         FOR THE DISTRICT OF DELAWARE
4
5    ---------------------------x
6    ROQUETTE FRERES,           :
7         Plaintiff,            :   Civil Action Number
8         vs.                   :   06-540 (***)
9    SPI PHARMA, INC., et al.,  :
10        Defendants.           :
11   ---------------------------x
12
13
14        CONFIDENTIAL VIDEOTAPED DEPOSITION
15             OF MICHEL SERPELLONI
16
17
18
19                     Washington, D.C.
20                     Wednesday, November 14, 200
21
22
23
24   REPORTED BY:
25      JULIE T. RICHER

REDACTED

| Confidential | Confidential |
|---|---|
| Page 100 | Page 101 |

| | |
|---|---|
| 1  MICHEL SERPELLONI | 1  MICHEL SERPELLONI |
| 2  VIDEOGRAPHER: We're off the record. The | 2  questions regarding certain factual |
| 3  time is approximately 4:54 p.m. | 3  characterizations and data contained in the patent |
| 4  (Recess was taken. Then a conference call | 4  in suit. And on instruction of the witness's |
| 5  with Mr. Shaw and Ms. Heaney was placed to the | 5  counsel, Mr. Rigler, the witness is refusing to |
| 6  Court.) | 6  answer my questions, and the objection is that I'm |
| 7  THE COURT: Good afternoon. This is Judge | 7  seeking expert testimony. |
| 8  Thynge. | 8  I asked a number of questions in that |
| 9  MR. SHAW: Good afternoon, Your Honor. | 9  vein, received the same objection. Counsel made the |
| 10 It's John Shaw at Young Conway. I have everyone, | 10 same instruction to the witness, and I postponed the |
| 11 the named players in the Roquette v. SPI case. | 11 deposition to seek Your Honor's ruling on these |
| 12 THE COURT: Okay. | 12 questions so that we may proceed with the important |
| 13 MR. SHAW: We're at a deposition. | 13 deposition we're conducting here of the inventor of |
| 14 THE COURT: Okay. | 14 the patent in suit. |
| 15 MR. SHAW: We're at a break, but the court | 15 THE COURT: Could you read off some of |
| 16 reporter, I guess, is still transcribing, and | 16 the -- or have read off some of the questions that |
| 17 there's been a dispute in the inventor testimony and | 17 you're asking to which an objection was raised, |
| 18 instructions not to answer. So we thank you for | 18 please. |
| 19 coming on line, and at this point I'll turn it over | 19 MR. MURPHY: Yes, Your Honor. Your Honor, |
| 20 to the people at the deposition. | 20 here's a question, and I'll read the objection, my |
| 21 THE COURT: John, thank you. | 21 response, and the instruction. |
| 22 MR. MURPHY: Your Honor, this is Daniel | 22 MR. RIGLER: Your Honor, it's Douglas |
| 23 Murphy from Morgan, Lewis on behalf of SPI Pharma. | 23 Rigler. I can read you the -- I think he asked |
| 24 I'm conducting the deposition of the lead inventor | 24 about 50 questions. I objected to about six. |
| 25 on the patent in suit, and I was proceeding with | 25 THE COURT: I understand, Mr. Rigler, that |

TSG Reporting - Worldwide    877-702-9580        TSG Reporting - Worldwide    877-702-9580

Confidential

Page 102

MICHEL SERPELLONI
there may be a debate over a limited amount of questions.
    MR. RIGLER: Right. But I have them here if it speeds things up.
    THE COURT: I wouldn't -- it might be helpful -- I don't know, Mr. Rigler -- to have this taken down by a court reporter.
    MR. MURPHY: It is, Your Honor.
    MR. SHAW: Your Honor, I also -- John Shaw. I also have them in an email if you wanted to see some of them. But you may not want to. I'm sorry to offer that if you don't.
    THE COURT: No, no. Why don't you send them to me.
    MR. SHAW: I'll try to do that.
    MR. MURPHY: I can read one example of a question, Your Honor.
    "QUESTION: Look at Column 2 of the patent, starting at line 2 through line 5, beginning with the word "Unfortunately." Do you agree with that statement as it's set forth here in the patent?
    "MR. RIGLER: Objection, and I'm going to instruct him not to answer pursuant to our standing objection. He's not here in an expert capacity, and

TSG Reporting - Worldwide     877-702-9580

Confidential

Page 103

MICHEL SERPELLONI
that's a contention question seeking expert opinion."
    Another question regarding a table of data in the patent:
    "QUESTION: Is the listed range for standard mannitol's friability within the claimed range for friability in Claim 1 of the patent?
    "MR. RIGLER: Again I object. You're seeking opinion testimony, and it's also a form of a contention inquiry, and I instruct you not to answer."
    I can read my response and the colloquy if Your Honor --
    THE COURT: I just want to know -- get a flavor of some of the questions in general.
    MR. MURPHY:
    "QUESTION: Looking under the same column which is data in the patent, standard mannitol, do you see an apparent density measurement for standard mannitol?
    "Yes." That was the answer.
    "Does any part of the range of apparent density for standard mannitol overlap with the apparent density for the product prepared in

TSG Reporting - Worldwide     877-702-9580

Confidential

Page 104

MICHEL SERPELLONI
accordance with the invention?
    "MR. RIGLER: Same objection, same instruction.
    "MR. MURPHY: Are you following your counsel's instruction not to answer the witness?
    "Certainly.
    "Could you answer if not so instructed by counsel?
    "ANSWER: Yes."
    THE COURT: All right. I think that gives me an idea. Thank you very much.
    Mr. Rigler?
    MR. RIGLER: Yes.
    THE COURT: Do you wish to argue that statement?
    MR. RIGLER: Yes, please, Your Honor. As I indicated, they have asked a number of questions. The times I objected were when they asked a witness who is a lay witness, nonexpert, whether or not he agreed with statements in the patent.
    THE COURT: He was an inventor, correct?
    MR. RIGLER: He was an inventor, but he did not draft the patent application. He did see it after -- this is from his testimony. He did see it

TSG Reporting - Worldwide     877-702-9580

Confidential

Page 105

MICHEL SERPELLONI
after he was -- after the application was granted. He is not responsible for the language of the claims. And this would, it seems to me, be asking him to A, construe claims, and B, it seeks his opinion. And his opinion as to what the patent means has no relevance or bearing. That's going to come out. That depends upon what the patent itself says, and any interpretation should come from an expert.
    I believe that that is thoroughly consistent with the prior precedents of the Court. We did file prior objections to answering this type of questions, I think about a week ago. There was no response to our objections, and we did consult with local counsel. And I'm informed that there are a series of decisions by the Court that support our position.
    Julie, if --
    There's language in an opinion by Judge Stapleton which I think is quite consistent with the objection I've raised.
    THE COURT: Well, I'm going to cut this short, and I know that Judge Stapleton has certain opinions, and I have other opinions. I have a

TSG Reporting - Worldwide     877-702-9580

Confidential

Page 106

1  MICHEL SERPELLONI
2  standard order that I have issued in the past where
3  I basically take the position that when it comes to
4  deposition testimony -- and I recognize your
5  argument, Mr. Rigler, about it being opinion, and
6  certainly that can be brought out, and you can sit
7  there and say that you don't agree or that you don't
8  think -- you think this is a question of opinion
9  testimony and make a statement on the record.
10       However, discovery is intended to try to
11 obtain relevant information, and I do consider such
12 information relevant, even though he was not the
13 actual quote-unquote drafter of the patent. My
14 standing order and an order, quite frankly, that I
15 got from Judge McKelvie is as follows.
16       From the commencement until the conclusion
17 of a deposition, no party or his attorney shall
18 instruct the deponent not to answer a question or
19 directly or indirectly suggest in any way to a
20 deponent that a question not be answered, subject
21 only to the exception that a party or his attorney
22 may instruct his witnesses not to give answers which
23 would disclose the work product of said party's
24 attorneys, including trial preparation materials or
25 the content of privileged communications between a

TSG Reporting - Worldwide    877-702-9580

Confidential

Page 107

1  MICHEL SERPELLONI
2  party and his attorney.
3       And that is kind of the approach that I
4  take on a number of depositions, including in patent
5  cases. It's kind of sum and substance. If there's
6  going to be objections raised but you preserve them
7  for the record, I allow such objections to questions
8  which shall only include concise and
9  non-argumentative statements on the grounds of such
10 objection.
11      Which so far, Mr. Rigler, I believe that's
12 what you've done.
13      You can give, for example, a reference to
14 a court rule or a federal rule of evidence, and no
15 instructions necessarily are given to the witness,
16 except as I outlined to the extent that there's some
17 concern about work product or certain type of
18 privileges. I do think that discovery is discovery.
19 We can weed out whether or not it's admissible,
20 usable, or matters that go -- matters that a party
21 can't end up using because it's basically
22 inconsistent with a particular finding of this Court
23 or, more importantly, inconsistent with the
24 application of the law. But I do believe that
25 discovery is discovery.

TSG Reporting - Worldwide    877-702-9580

Confidential

Page 108

1  MICHEL SERPELLONI
2       Now, the fact that I've made this ruling
3  does not only apply to Mr. Rigler. It applies
4  throughout this case for any witness. Understand,
5  Counsel?
6       MR. MURPHY: Yes, Your Honor.
7       THE COURT: Was this taken down by a court
8  reporter, I hope? And I hope the court reporter was
9  able to hear it.
10      MR. MURPHY: Yes. She indicates she was
11 able to hear you.
12      THE COURT: I would like a copy of what
13 this colloquy that we had was so that I have it for
14 this case, please.
15      MR. MURPHY: Yes, Your Honor.
16      MS. HEANEY: Your Honor, this is Julie
17 Heaney. As far as providing guidance in terms of
18 the questions and whether they are speaking
19 contentions via deposition testimony, are you able
20 to do that?
21      THE COURT: Well, I think that that wasn't
22 really clear. It is to -- and, you know, I think
23 there's a really fine line there, Julie. I
24 understand that it's supposed to be generally in
25 interrogatory form and that contention

TSG Reporting - Worldwide    877-702-9580

Confidential

Page 109

1  MICHEL SERPELLONI
2  interrogatories are generally not allowed during a
3  deposition. I don't think that was necessarily what
4  I was hearing.
5       You can take -- when it's your witness,
6  you can take a broad view. When you're trying to
7  take the deposition of someone else, I'm certain a
8  very narrow view is applied. But I don't think that
9  those -- I don't think the questions that I heard
10 were suggestive necessarily of contention
11 interrogatories or contention points. And I think
12 it's extremely difficult to necessarily divide them
13 out completely. I do believe that there are
14 questions that fall into that category, but I also
15 think that counsel relatively understands what I've
16 said and understands what contention questions
17 actually are. This witness, from what I understand,
18 is not being taken under Rule 30(b)(6); is that
19 correct?
20      MR. MURPHY: That's correct, Your Honor.
21      MR. RIGLER: That's partially correct.
22 The witness was noticed individually but also was
23 designated under Rule 30(b)(6).
24      THE COURT: Was he designated by you,
25 Mr. Rigler?

TSG Reporting - Worldwide    877-702-9580

```
         Confidential
                           Page 110
1        MICHEL SERPELLONI
2    MR RIGLER: Yes.
3        THE COURT: Okay. Was he designated for
4    all subject matter that was contained in the notice
5    of deposition?
6        MR. RIGLER: No. It was an extensive
7    notice, and we designated different individuals
8    depending on the topic.
9        THE COURT: Okay. And the topic that's
10   being discussed now is not something that he is
11   necessarily a Rule 30(b)(6) witness for?
12       MR. MURPHY: Yes, Your Honor. That's
13   correct.
14       THE COURT: I'm not saying there's
15   necessarily a difference. I just wanted to make
16   certain of that. So his answers are on an
17   individual basis and do not necessarily bind the
18   plaintiff, correct, as a Rule 30(b)(6) witness?
19       MR. MURPHY: That's my understanding, Your
20   Honor.
21       THE COURT: And so I don't feel what I
22   heard was contention interrogatory or contention
23   type questions. Otherwise, I think almost every
24   question that would be asked would probably fall
25   into that category, just about, beyond the person's
     TSG Reporting - Worldwide    877-702-9580
```

```
         Confidential
                           Page 111
1        MICHEL SERPELLONI
2    name and their background. I think, Counsel, that
3    you're probably aware of what's appropriate.
4        MS. HEANEY: Thank you, Your Honor.
5        THE COURT: Bye-bye now.
6        MR. SHAW: Thank you, Your Honor.
7        MR. MURPHY: Thank you, Your Honor.
8        (The telephone call ended.)
9        VIDEOGRAPHER: We're back on the record.
10   The time is approximately 6:01 p.m.
```

**REDACTED**

**REDACTED**