# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

December 17, 2007

**BY E-FILING**

The Honorable Mary Pat Thynge
United States Magistrate Judge
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    *Roquette Frères v. SPI Pharma, Inc., et al.*
               C.A. 06-540 (***)

Dear Magistrate Judge Thynge:

      We write to summarize, in preparation for the telephone conference scheduled for December 19 at 5:30 pm, Roquette's discovery dispute against defendant SPI Pharma, Inc.

      Pursuant to this Court's ruling of September 14, 2007, plaintiff Roquette Frères has produced five managerial level witnesses in the United States who have testified both in an individual capacity and pursuant to Rule 30(b)(6), for a total of six depositions. The depositions were arranged to occur during a one-week period (with provision for an overflow day the following Monday, if necessary) in a manner such that all depositions could be concluded within the same time block, thereby reducing expenses and extra travel time for both parties' counsel. At the conclusion of these depositions, SPI Pharma, Inc. now wishes to depose five additional low level employees of Roquette also in the United States. Roquette hereby seeks a ruling from the Court that further depositions occur in Paris, France or London, England.

      1.    Roquette is aware of this Court's September 14, 2007 ruling which stated:

> However, I'm going to be ordering that Roquette produce its people here in the United States. And it can be at a location that is more convenient than Delaware, certainly. (Transcript of September 14, 2007 Telephone Conference (D.I. 113), at p. 22, lines 15-18).

as well as the provision of the agreed Scheduling Order in this action which provides that depositions of "officers, directors and managing agents" of a party "ordinarily" should occur in the United States. The Scheduling Order specifically provided for exceptions to this "general" rule.

Case 1:06-cv-00540-GMS-MPT    Document 142    Filed 12/17/2007    Page 2 of 3

The Honorable Mary Pat Thynge
December 17, 2007
Page 2 of 3

Roquette is further aware of the general principle that a party which elects to bring an action in the United States should anticipate that its management witnesses would be asked to appear in the United States. Nonetheless, in the interests of fairness and efficiency, the Federal Rules of Civil Procedure and the Scheduling Order in this action strongly indicate that Roquette has more than satisfied its obligations to produce managerial level witnesses in the United States and that the newly noticed depositions of lower level employees should take place in France or England.

By way of background, although the additional witnesses have varied degrees of familiarity with the English language, none is competent to testify in English. It is important to note that SPI itself has acknowledged that the duration of any of these depositions is likely to be less than one-half day.

It further bears noting that the principal subject matter of the depositions is SPI's unrelenting search for documents from the early 1990s which it vainly wishes to have existed or which, if there were such documents, have not been located. The new deponents were functioning in the role of laboratory or technical assistants and may – or may not – have recorded test data in connection with activities leading to the patent-in-suit. One of the witnesses assisted in tests conducted before French Hussiers (French judicial officials with technical backgrounds who are authorized to certify that certain tests were performed in their presence and that they observed the results). The Hussier's two reports have long since been produced, and SPI has deposed the managerial official of Roquette who was present at these tests.

As to the production of any test results which may have been recorded during the patenting process, Roquette has posed no objection to the production of such documents. However, these activities occurred around 1992 and the laboratory notebooks and any available test results have long since been produced. Despite multiple searches and inquiries, Roquette has not located any of these fifteen-year old documents other than what SPI already has.

Four of the five newly noticed deponents work at Roquette's facility in northern France. The fifth, Pierre Morel, is no longer employed by Roquette and it is our understanding that Mr. Morel is unwilling to voluntarily appear. Roquette has volunteered to produce its employees over a consecutive three-day period and is willing to have them come to Paris where SPI's attorneys, Morgan Lewis, have a large office or, because the Roquette facility has reasonably convenient access by train to London, in London, England where Morgan Lewis has another large office.

Moreover, Roquette offers to pay the premium coach airfare for a Morgan Lewis attorney to travel either to Paris or London in connection with the depositions.

The relief sought herein is fully consistent with Federal Rule 26(c) which provides that a court may issue an order to protect a party from undue burden or expense. Such an order, without limitation, may specify terms for the place of discovery or it may prescribe a discovery method other than the one selected by the party seeking discovery.

Roquette further refers to Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure which inherently suggests that the relief sought herein is justified. Rule 30(a)(2)(A)(i) provides that a party "must" obtain leave of court if the depositions would result in more than ten depositions being taken. SPI already has taken six depositions and would exceed the ten deposition limit if permitted to take the remaining four depositions in addition to the anticipated depositions of Roquette's experts. Roquette does not oppose the taking of the additional depositions, but Roquette believes that the ten deposition limitation in Rule 30 together with the repeated intent of the Rules not to incur unreasonable or unnecessary burden or expense, strongly supports its position that the additional depositions of its low-level employees occur in France.

There simply is no basis to require each of four additional individuals to leave their jobs for a three- or four-day period to testify for an hour or so as to a lack of records of events which occurred fifteen years ago. There was no obligation to keep any records pertaining to a 1993 patent application.

Roquette further refers to the first amended Scheduling Order of 14 September 2007 in this action which provides in Paragraph 3B:

> Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.

The contemplation of the Scheduling Order (stipulated to and agreed by both parties) was that a party would produce an officer, director, or managing agent in the United States. The plain implication of this provision is that a defendant could not require multiple lower level employees to be required to travel to the United States.

One additional point bears notice. The Scheduling Order limits depositions to a total of 45 hours of deposition testimony. SPI has already exceeded 25 hours of testimony and has not even taken the deposition of Roquette's expert witnesses. It seems quite apparent that the total amount of time to be expended of all four of the new deponents could not exceed 10 hours. Accordingly, this further demonstrates that SPI's choice of location is unreasonable, unduly burdensome, unnecessarily expensive and unjust. This is especially so since Morgan Lewis maintains offices in both Paris and London and Roquette has offered to pay the air transportation cost for SPI's attorney.

Respectfully,

Julia Heaney

JH:ncf
cc: Dr. Peter Dalleo, Clerk (By hand delivery)
John W. Shaw (By e-mail)
Oren D. Langer (By e-mail)

1336717