# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801
P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-3587
DIRECT FAX: 302-576-3551
jcastellano@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
(NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 17, 2007

**VIA ECF**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

Re:  *Roquette Freres v. SPI Pharma, Inc., et al.,*
       C.A. No. 06-540-***

Dear Magistrate Judge Thynge:

On behalf of defendant SPI Pharma, Inc. ("SPI"), and in advance of the teleconference before Your Honor scheduled for December 19, 2007, we seek the Court's intervention relating to three discovery issues. One issue, raised with the Court previously, relates to location and scheduling of fact witness depositions noticed by SPI. The second issue concerns Roquette's privilege and work product waiver for certain documents listed on its privilege log. The third issue relates to production of the attorney prosecution files for the patent-in-suit and French patent application.

**A.   The Court Ordered Roquette to Produce Its Witnesses for Deposition in the United States, But Roquette Refuses To Do So In Violation of the Court's Order**

On September 14, 2007, the parties held a telephone hearing with Your Honor to resolve, *inter alia*, a dispute concerning where Roquette should produce its witnesses for deposition. As the Court is aware, Roquette initially refused to produce its witnesses for deposition in the United States and offered them only in Paris, France. At the hearing, the Court directed Roquette's attention to section three, subparagraph (b) in the Court's Scheduling Order dated March 13, 2007. *See* Sept. 14 Transcript (attached hereto as Exhibit A), pp. 19-20. That provision requires that "[a]ny party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Magistrate Judge Thynge
December 17, 2007
Page 2

to a deposition at a place designated within this district." See Scheduling Order (D.I. 37), 3(b). Contrary to Roquette's assertion that this provision applies only to Rule 30(b)(6), the Court explained that "...all the depositions are supposed to happen here." See Sept. 14 Transcript, p. 20. The Court made its ruling on the record in clear and unambiguous language, stating "I'm going to be ordering that Roquette produce its people here in the United States." See Sept. 14 Transcript, p. 22.

On October 30, 2007, SPI Pharma noticed the deposition of Mr. Gregory Lebihan, a Roquette employee principally involved in the alleged infringement testing of SPI's Mannogem EZ, the accused product, for November 27, 2007. Roquette did not reply to several requests to confirm a date for Mr. Lebihan's deposition. Finally, on November 19, Roquette's counsel advised SPI's counsel via email that Mr. Lebihan would not be produced for deposition in the United States. Roquette insisted that it would produce Mr. Lebihan for deposition in the United States on one condition - if he were the only remaining Roquette witness that SPI sought to depose.

On November 21, 2007, SPI noticed the depositions of four additional Roquette witnesses for December 11-13 and 17 and served an amended notice for Mr. Lebihan for December 14th. On the same day, in a separate communication, SPI requested a meet and confer between counsel for early the following week to resolve the issue of deposition scheduling and location. On November 28, Roquette replied and stated that it was available for a meet and confer the following day or day after. On November 29, during the meet and confer, Roquette's counsel offered to make the noticed witnesses available only in Paris, France or London, England and proposed the week of January 7, 2008. SPI declined to take the depositions in Paris or London and maintained its request that plaintiff Roquette's witnesses submit to depositions at a mutually agreeable location in the United States.

We view Roquette's refusal to produce its witnesses in the United States as a willful violation of the Court's September 14 Order. At every turn, Roquette has frustrated SPI's efforts to schedule the deposition of Mr. Lebihan. Mr. Lebihan's deposition and the depositions of the additional witnesses, all Roquette scientists or technicians involved in the testing and development of the alleged invention claimed in the patent-in-suit, must be completed promptly, before initial expert reports are due to be exchanged on January 25, 2008.[1] SPI is a small company and a defendant in this lawsuit. It should not be forced to bear the cost of sending two New York-based attorneys, a court reporter, a videographer, and a French-English interpreter across the ocean to France or England for an entire week. Roquette voluntarily brought suit in Delaware, it has been ordered by the Court to produce its witnesses in the U.S., and its refusal to do so now can only be viewed as an attempt to drive up litigation costs for SPI and further unnecessarily delay the proceedings.

---

[1] SPI believes that given the unresolved dispute over the location of the depositions, expert reports may have to be pushed back by a couple of weeks.

2

Young Conaway Stargatt & Taylor, LLP

Magistrate Judge Thynge
December 17, 2007
Page 3

We request that the Court order that <u>all</u> Roquette witnesses be produced for depositions at a mutually agreeable location in the United States.

**B.   Roquette Selectively Produced Communications To/From Attorney Bruno Quenon Concerning Alleged Infringement Testing and Therefore Waived Any Privilege Or Work Product Claim For Related Communications**

SPI is seeking immediate production of the following documents identified on Roquette's Index of Privileged Documents (attached hereto as Exhibit B): RF P209-223, RF P226, and RF P233. RF P209 is described on the log as "Memorandum re Roquette/SPI issues." All the other documents are described as "Email re Roquette/SPI issues." These documents all involve communications to/from Mr. Bruno Quenon, who Roquette has identified as a French patent attorney and in-house counsel, and other Roquette employees. No other person identified as an author or recipient on these documents appears to be an attorney, whether a French or U.S.-based attorney. Thus, the only basis for Roquette's assertion of privilege appears to be Mr. Quenon's status as Roquette's in-house counsel.

Roquette already has produced several documents concerning the testing of SPI's accused product, and each bears Mr. Quenon's name and the names of the same correspondents listed on the log for the withheld documents. Roquette should not be allowed selectively to produce communications involving Mr. Quenon, while blocking discovery of other communications concerning the same subject on grounds of privilege or work product. Privilege cannot be used both "as a sword and a shield." *United States v. Nobles*, 422 U.S. 225, 239-240 (1975). Accordingly, we urge the Court to conduct an *in camera* inspection of RF P209-223, RF P226, and RF P 233 and order Roquette to produce them to SPI.

**C.   Roquette Should Confirm That It Produced Its Attorney Prosecution Files for the '777 Patent and French Priority Document**

In view of testimony obtained during the depositions of the named inventors of the '777 patent, SPI is preparing to file a motion for leave to amend its answer and counterclaims to add a charge of unenforceability due to inequitable conduct. On December 4, 2007, SPI asked Roquette to produce the attorney prosecution files for the '777 patent and French priority document, which it had asked for previously in its initial document requests dated March 19, 2007. On December 14, Roquette informed SPI that all non-privileged documents regarding French counsel's prosecution of the French priority application and French and U.S. counsel's prosecution of the '777 patent were produced and identified particular bates ranges. However, the bates-ranges identified by Roquette do not necessarily appear to be French and U.S. patent attorney's prosecution files. We respectfully request that the Court require Roquette to confirm that it has produced the requested attorney prosecution files and that all privileged materials withheld from production have been identified on its privilege log.

3

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Magistrate Judge Thynge
December 17, 2007
Page 4

Respectfully submitted,

Jeffrey T. Castellano (No. 4837)

c: Clerk, U.S. District Court (By Hand Delivery)
   Mary B. Graham, Esq. (By Hand Delivery)
   Julia Heaney, Esq. (By Hand Delivery)
      Douglas V. Rigler, Esq. (By E-mail)

# EXHIBIT A

1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              IN AND FOR THE DISTRICT OF DELAWARE
 3                           - - -
    ROQUETTE FRÈRES,                        CIVIL ACTION
 4                                  :
              Plaintiff,            :
 5                                  :
         v.                         :
 6                                  :
    SPI PHARMA, INC. and DRYTEC LTD., :
 7                                  :     NO. 06-540 (MPT)
              Defendants.
 8                           - - -

 9                       Wilmington, Delaware
              Friday, September 14, 2007 at 12:32 p.m.
10                       TELEPHONE CONFERENCE

11                           - - -

12  BEFORE:    HONORABLE MARY PAT THYNGE, Magistrate Judge

13                           - - -
    APPEARANCES:
14

15         MORRIS NICHOLS ARSHT & TUNNELL, LLP
           BY:  JULIA HEANEY, ESQ.
16
                and
17
           YOUNG & THOMPSON
18         BY:  ANDREW J. PATCH, ESQ., and
                JEFFREY R. SNAY, ESQ.
19              (Arlington, Virginia)

20                   Counsel for Plaintiff

21
           YOUNG CONAWAY STARGATT & TAYLOR, LLP
22         BY:  JEFFREY T. CASTELLANO, ESQ.

23              and

24
                              Brian P. Gaffigan
25                            Registered Merit Reporter
```

1            MR. B. MURPHY: Your Honor, then I have a
2    question about that. The protective order requires it.
3            THE COURT: Oh, I couldn't remember if it did.
4            MR. B. MURPHY: No, it does.
5            THE COURT: Okay. Then fine, that person is
6    identified. I apologize. I couldn't remember if it had
7    been.
8            MR. B. MURPHY: Yes.
9            THE COURT: I didn't mean to modify the
10   protective order in that regard.
11           MR. B. MURPHY: Okay.
12           THE COURT: That was my confusion, counsel. I
13   apologize. Yes. The short answer to it, Julie, is yes, in
14   light of that.
15           The next issue is whether or not Roquette
16   should produce the witnesses for deposition in the United
17   States. And I'm not exactly certain, counsel, based upon
18   the reading of both parties submissions, whether this was a
19   misunderstanding between counsel or not.
20           MR. B. MURPHY: Yes, Your Honor. Brian Murphy.
21   Oren Langer is on a holiday today. I did speak with him.
22           THE COURT: Good for him.
23           MR. B. MURPHY: He is a good man. But I said,
24   look, here is what is stated in the letter. Did you ever
25   have a conversation like that with Mr. Rigler? He said

1  never.

2  THE COURT: And Mr. Rigler is not here either.

3  MR. PATCH: That's right. He is traveling as
4  well, Your Honor.

5  MR. B. MURPHY: So let's just characterize it
6  as a clear misunderstanding. And let me further say that
7  taking depositions in France, for anybody who has been
8  litigating for any period of time, knows that is very, very
9  inconvenient and difficult because we must, we do not have a
10 choice, we must get the consent of the French government.
11 That is in the Hague Convention, and I have had a great deal
12 of difficulty in my life getting French depositions lined
13 up, even with the parties consent. We are not permitted to
14 consent.

15 THE COURT: Well, in light of a matter that
16 I'm presently considering about certain things regarding
17 French production of documents, I understand that it can be
18 a tedious, drawn out, long process, despite the fact that
19 the French entity has subjected itself to this court's
20 jurisdiction for enforcement of its patent. And that's
21 sometimes true of other entities in Europe as well, not just
22 France, other countries in Europe as well.

23 What do you do about location of depositions,
24 subparagraph B in the standard scheduling order that I have,
25 that any party or representative of a party filing a civil

1   action in this District Court must ordinarily be required,
2   upon request, to submit to a deposition at the place
3   designated within this District?
4              MR. PATCH: Your Honor, it's Andrew. We think
5   that would apply clearly to the 30(b)(6) witness for
6   Roquette. We are trying to figure out what works.
7              THE COURT: Well, the way I look at it, it
8   doesn't say that it's limited to 30(b)(6). My standard
9   language also indicates that a defendant who brings an
10  action or becomes a counterclaimant or cross-claimant; and I
11  guess to some degree the argument could be made that SPI, by
12  raising invalidity-type defenses or inequitable conduct or
13  the such, could fall into that category; are also considered
14  to have filed the action in this court for the purpose of
15  this provision. So, technically, all the depositions are
16  supposed to happen here. I didn't look at it as just only
17  30(b)(6). I really didn't.
18             MR. PATCH: I kind of did, Your Honor, in that
19  it says "any party or representative" and then
20  representative is officer, director or managing agent. It
21  does seem like it's 30(b)(6).
22             In any case, what we're trying to do is just --
23             THE COURT: Well, the word is "or" not "and."
24             MR. PATCH: Excuse me?
25             THE COURT: The word is "or," not "and."

1        MR. PATCH:  Any party "or" representative.
2        THE COURT:  Yes.
3        MR. PATCH:  Yes.  In any event, we're trying to
4   propose what we thought would work.  Roquette is in a small
5   town in the north of France called Lestrem.  We're willing
6   to bring all the witnesses to Paris, which is a significant
7   hike from Lestrem and a significantly more convenient
8   location, for the sake of being able to line them up and get
9   a time window in the reasonably near future.  Doug has been
10  working on that and he has been working really hard to do
11  it.
12       To get them all over here is another proposition
13  entirely.  SPI has noticed not only 30(b)(6) depositions
14  with multiple topics but also three individuals, so we're
15  talking at least four and probably five or more witnesses.
16       With respect to Brian's comment about conducting
17  depositions in France, that may or may not be technically
18  true under the Hague Convention but I mean we did a week or
19  two of depositions in Paris earlier this summer.  It was no
20  more difficult than scheduling them at any other location.
21  That is, whether or not this requirement is a letter, it's
22  not something that is enforced.  When the parties agree to
23  it, they just do it.
24       MR. B. MURPHY:  That's not my experience, Your
25  Honor, one.  And, two, I don't understand his whole

1  position. They filed this case as the plaintiff in August
2  of 2006. Here we are in September of 2007. My client is
3  trying to get to the bottom of this case in a relatively
4  inexpensive way, which is not easy given the New York law
5  firm's rates and they want us to fly to France? They have
6  got to be out of their mind, Your Honor, to ask for that.
7        THE COURT: Well, I don't consider that they're
8  out of their minds to ask for that.
9        MR. B. MURPHY: Well --
10       THE COURT: I think their argument is that, as
11 a matter of convenience to all, you have a central location
12 for all the witnesses to be taken within hopefully an
13 abbreviated time frame requiring counsel from both sides of
14 the fence to go over to France rather than the reverse.
15       However, I'm going to be ordering that Roquette
16 produce its people here in the United States. And it can
17 be at a location that is more convenient than Delaware,
18 certainly.
19       MR. B. MURPHY: We're happy to take them at
20 counsel's firm, if that is easier. It's all the same to us.
21       THE COURT: Well, I'm ruling that any place in
22 the United States they can be taken to the extent that it's
23 more convenient. It's going to be more convenient for some
24 of the witnesses as to the location; and it could be that
25 some of these witnesses may be scheduled to come over to the

# EXHIBIT B

**ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.**
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

### Index of Privileged Documents

| Document No.[1] | Date | Author(s) | Recipient(s) | Document Description | Basis for Privilege |
|---|---|---|---|---|---|
| RF P1-25 | 09/23/1993 | Lèon Mentink | Didier Boulinguiez | Facsimile correspondence re patent application. | A/C; WP |
| RF P26-27 | 09/23/1993 | Lèon Mentink | Didier Boulinguiez; Demery | Facsimile correspondence re patent application. | A/C; WP |
| RF P28-52 | 09/23/1993 | Lèon Mentink | Michel Serpelloni; Philippe LeFevre; Jose Lis; Jean-Jacques Caboche; Jean-Claude Lumaret; Jean-Bernard Leleu; Patrick Haon; Jean-Philippe Boonaert; Jean Schneider; H. Dupas; L. Gavard; Yves Le Bot | Memorandum re patent application. | A/C; WP |
| RF P53-78 | | Didier Boulinguiez | Lèon Mentink | Memorandum re patent application. | A/C; WP |
| RF P79-104 | 09/27/1993 | Lèon Mentink | Didier Boulinguiez | Letter re patent application. | A/C; WP |
| RF P105 | 10/07/1993 | Lèon Mentink | Michel Serpelloni; Philippe LeFevre; Jose Lis; Jean-Jacques Caboche; Jean-Claude Lumaret; Jean-Bernard Leleu; Patrick Haon; Jean-Philippe Boonaert; Jean Schneider; H. Dupas; L. Gavard; Yves Le Bot; Pierrick Duflot; Jean-Paul Salome | Memorandum re patent application. | A/C; WP |

---

[1] All communications to, from and regarding Edward Marschner, attorney for Roquette Freres, are excluded on the basis that they are considered to be governed by Rule 408 of the Federal Rules of Evidence.

A/C = Attorney Client Communication;
WP = Work Product

1

CONFIDENTIAL

ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

### Index of Privileged Documents

| | | | | | |
|---|---|---|---|---|---|
| RF P106-109 | 08/03/1994 | Didier Boulinguiez | Lèon Mentink; Jean-Claude Lumaret | Facsimile re patent application. | A/C; WP |
| RF P110 | 08/12/1994 | Lèon Mentink | Didier Boulinguiez; Jean-Claude Lumaret | Telex re patent application. | A/C |
| RF P111-121 | 09/07/1994 | Lèon Mentink | Didier Boulinguiez | Facsimile re patent application. | A/C |
| RF P122 | 11/04/1994 | Didier Boulinguiez | Lèon Mentink; Jean-Claude Lumaret | Facsimile re patent application. | A/C; WP |
| RF P123-124 | 03/06/2006 | Bruno Quenon | Didier Boulinguiez; Veronique Thelliez; Sinniger | Email re Roquette/SPI issues. | A/C |
| RF P125-129 | 03/10/2006 | Emmanuelle Renard | Bruno Quenon; Veronique Thelliez | Email re Roquette/SPI issues. | A/C; WP |
| RF P130-133 | 03/10/2006 | Emmanuelle Renard; Didier Boulinguiez | Bruno Quenon; Veronique Thelliez | Letter re Roquette/SPI issues. | A/C; WP |
| RF P134-135 | 03/23/2006 | Bruno Quenon | Patrick Lapointe; Jean-Marc Willefert; Patrick Benet; Veronique Thelliez | Email re meeting with attorney. | A/C |
| RF P136 | 03/23/2006 | Bruno Quenon | Emmanuelle Renard; Valerie Sinniger; Veronique Thelliez | Email re Roquette/SPI issues. | A/C |
| RF P137-138 | 03/23/2006 | Emmanuelle Renard | Bruno Quenon; Valerie Sinniger; Veronique Thelliez; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C; WP |
| RF P139-140 | 03/27/2006 | Emmanuelle Renard | Bruno Quenon; Veronique Thelliez; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C |
| RF P141-143 | 03/27/2006 | Emmanuelle Renard | Bruno Quenon; Veronique Thelliez; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C; WP |
| RF P144 | 04/19/2006 | Bruno Quenon | Jean-Marc Willefert; Patrick Lapointe; Patrick Benet; | Email re meeting with attorney. | A/C |

A/C = Attorney Client Communication;
WP = Work Product

2

CONFIDENTIAL

**ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.**
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

**Index of Privileged Documents**

| | | | Dorthee Delmotte | | |
|---|---|---|---|---|---|
| RF P145 | 05/03/2006 | Bruno Quenon | Andre Trucy; Edouard Roquette; Jean-Marc Willefert; Patrick Lapointe; Patrick Benet; Jacques Pellerin; Jean-Jacques Caboche; Johnny Pallot | Email re meeting with attorney. | A/C |
| RF P146 | 05/05/2006 | Valerie Sinniger | Bruno Quenon; Veronique Thelliez; Emmanuelle Renard; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C |
| RF P147 | 05/17/2006 | Bruno Quenon | Didier Boulinguiez | Email re Roquette/SPI issues. | A/C |
| RF P148 | 05/17/2006 | Bruno Quenon | Jean-Marc Willefert; Patrick Lapointe; Patrick Benet | Email re discussions with attorney. | A/C; WP |
| RF P149-150 | 05/19/2006 | Emmanuelle Renard | Bruno Quenon | Email re Roquette/SPI issues. | A/C |
| RF P151 | 05/30/2006 | Bruno Quenon | Didier Boulinguiez; Valerie Sinniger; Veronique Thelliez | Email re Roquette/SPI issues. | A/C |
| RF P152-160 | 06/08/2006 | Therese-Marie Beaussart-Charlet | Didier Boulinguiez | Email re Roquette/SPI issues. | A/C |
| RF P161-162 | 07/03/2006 | Bruno Quenon | Didier Boulinguiez; Gaelle Bourout; Valerie Sinniger | Email re Roquette/SPI issues. | A/C |
| RF P163-165 | 07/13/2006 | Gaelle Bourout | Bruno Quenon; Veronique Thelliez; Andrew Patch; Douglas Rigler; Therese-Marie Beaussart-Charlet; Didier Boulinguiez; Valerie Sinniger; Emmanuelle Renard; Sylvie Soupramaniane; Valerie Fortier | Email re Roquette/SPI issues. | A/C; WP |
| RF P166-171 | 07/13/2006 | Bruno Quenon | Veronique Thelliez; Andrew Patch; Douglas Rigler; Therese- | Email re Roquette/SPI issues. | A/C; WP |

A/C = Attorney Client Communication;
WP = Work Product

3

CONFIDENTIAL

ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

Index of Privileged Documents

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  | Marie Beaussart-Charlet; Didier Boulinguiez; Valerie Sinniger; Emmanuelle Renard; Sylvie Soupramaniane; Valerie Fortie Gaelle Bourout |  |  |
| RF P172-173 | 07/14/2006 | Douglas Rigler | Gaelle Bourout; Bruno Quenon; Veronique Thelliez; Andrew Patch; Therese-Marie Beaussart-Charlet; Didier Boulinguiez; Valerie Sinniger; Emmanuelle Renard; Sylvie Soupramaniane; Valerie Fortier | Email re Roquette/SPI issues. | A/C; WP |
| RF P174-179 | 07/17/2006 | Gaelle Bourout | Quenon; Veronique Thelliez; Andrew Patch; Douglas Rigler; Therese-Marie Beaussart-Charlet; Didier Boulinguiez; Valerie Sinniger; Emmanuelle Renard; Sylvie Soupramaniane; Valerie Fortier | Email re Roquette/SPI issues. | A/C; WP |
| RF P180-184 | 08/23/2006 | Douglas Rigler | Didier Boulinguiez; Gaelle Bourout; Bruno Quenon; Veronique Thelliez | Email re Roquette/SPI issues. | A/C; WP |
| RF P185-186 | 08/24/2006 | Emmanuelle Renard | Douglas Rigler; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C; WP |
| RF P187-189 | 08/28/2006 | Emmanuelle Renard | Bruno Quenon; Didier Boulinguiez | Email re Roquette/SPI issues. | A/C; WP |
| RF P190 | 08/28/2006 | Bruno Quenon | Jean-Marc Willefert; Edouard Roquette; Jean-Jacques | Email re discussions with attorney. | A/C; WP |

A/C = Attorney Client Communication;
WP = Work Product

4

CONFIDENTIAL

ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

### Index of Privileged Documents

| | | | | | |
|---|---|---|---|---|---|
| | | | Caboche; Jacques Pellerin; Patrick Benet; Johnny Pallot | | |
| RF P191-193 | 08/30/2006 | Bruno Quenon | Didier Boulinguiez; Emmanuelle Renard; Veronique Thelliez | Email re Roquette/SPI issues. | A/C; WP |
| RF P194 | 08/30/2006 | Didier Boulinguiez | Douglas Rigler; Bruno Quenon; Veronique Thelliez; Emmanuelle Renard; Valerie Sinniger | Email re Roquette/SPI issues. | A/C; WP |
| RF P195-197 | 10/19/2004 | C. Dehaene | Didier Boulinguiez; Johnny Pallot; Bruno Quenon; Veronique Scelles | Letter re Roquette/SPI issues. | A/C; WP |
| RF P198 | 10/29/2004 | Bruno Quenon | Didier Boulinguiez; Valierie Sinniger | Email re Roquette/SPI issues. | A/C |
| RF P199-200 | 11/04/2004 | Didier Boulinguiez | Bruno Quenon; Veronique Scelles; Valerie Sinniger; Carole Bonvarlet | Email re Roquette/SPI issues. | A/C; WP |
| RF P201-203 | 11/09/2004 | Didier Boulinguiez | Bruno Quenon; Veronique Scelles; Julie Mazerats | Email re Roquette/SPI issues. | A/C; WP |
| RF P204 | 11/16/2004 | Veronique Scelles | Sergio Neves; Denis Simon; Jean-Pierre Lecocq; Patrick Lapointe; Bruno Quenon | Email re discussions with attorney. | A/C; WP |
| RF P205 | 11/19/2004 | Bruno Quenon | Patrick Lapointe; Johnny Pallot; Sergio Neves; Veronique Scelles | Email re discussions with attorney. | A/C; WP |
| RF P206-207 | 11/25/2004 | Veronique Scelles | Didier Boulinguiez; Valerie Sinniger; Carole Bonvarlet; Bruno Quenon | Email re Roquette/SPI issues. | A/C; WP |
| RF P208 | 02/28/2002 | C. Dehaene | J. Pallot; B. Quenon; V. Scelles | Note re discussions with attorney. | A/C; WP |

A/C = Attorney Client Communication;
WP = Work Product

5

CONFIDENTIAL

**ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.**
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

**Index of Privileged Documents**

| | | | | | |
|---|---|---|---|---|---|
| RF P209 | 03/11/2002 | P. Benet | B. Dufour; JM Willefert; PX Lemaire; H. Dupas; B. Quenon | Memorandum re Roquette/SPI issues. | A/C; WP |
| RF P210-212 | 04/05/2002 | Bruno Quenon | Bertrand Dufour; Jean-Marc Wellefert; Pierre-Xavier Lemaire; Hubert Dupas; Patrick Benet; Jean-Jacques Caboche; Johnny Pallot | Email re Roquette/SPI issues. | A/C; WP |
| RF P213 | 04/17/2002 | Bruno Quenon | Patrick Benet | Email re Roquette/SPI issues. | A/C; WP |
| RF P214-217 | 08/02/2002 | Bruno Quenon | Bertrand Dufour; Jean-Marc Wellefert; Pierre-Xavier Lemaire; Hubert Dupas; Patrick Benet; Edouard Roquette; Jean-Jacques Caboche; Marjorie Pallade | Email re Roquette/SPI issues. | A/C; WP |
| RF P218-219 | 08/02/2002 | Pierre-Xavier Lemaire | Bruno Quenon; Bertrand dufour; Jean-Marc Willefert; Patrick Benet; Edouard Roquette; Jean-Jacques Caboche; Hubert Dupats | Email re Roquette/SPI issues. | A/C; WP |
| RF P220 | 08/30/2002 | Bruno Quenon | Edouard Roquette; Patrick Benet | Email re Roquette/SPI issues. | A/C; WP |
| RF P221 | 09/02/2002 | Edouard Roquette | Patrick Benet; Pierre-Xavier Lemaire; Bruno Quneon; Bertrand Dufour; Jean-Marc Willefert | Email re Roquette/SPI issues. | A/C; WP |
| RF P222-223 | 10/03/2002 | Bruno Quenon | John Fratus; Lori Hale; Edouard Roquette; Hubert Dupas; Pierre-Xavier Lemaire; Patrick Benet | Email re Roquette/SPI issues. | A/C; WP |
| RF P224-225 | 10/03/2002 | Lori Hale | Bruno Quenon | Email re discussions with attorney. | A/C; WP |

**A/C = Attorney Client Communication;**
**WP = Work Product**

6

**CONFIDENTIAL**

**ROQUETTE FRÈRES v. SPI PHARMA, INC. et al.**
U.S.D.C. – D. Delaware C.A. No. 06-540 (***)

**Index of Privileged Documents**

| | | | | | |
|---|---|---|---|---|---|
| RF P226 | 11/19/2002 | Bruno Quenon | Dorothee Delmotte | Email re Roquette/SPI issues. | A/C; WP |
| RF P227 | 2002 | Bruno Quenon | | Note re discussions with attorney. | A/C; WP |
| RF P228 | 11/20/2002 | Bruno Quenon | Xavier Duriez; Edouard Roquette; Pierre-Xavier Lemaire; Hubert Dupas; Aurore Dhedin; Patrick Benet; Denis Simon; Nicolas Trentesaux; Philippe Lefevre | Email re discussions with attorney. | A/C; WP |
| RF P229-230 | 11/25/2002 | Edouard Roquette | Bruno Quenon; Patrick Benet; Pierre-Xavier Lemaire | Email re discussions with attorney. | A/C; WP |
| RF P231-232 | 12/16/2004 | Bruno Quenon | Jean-Marc Willefert; Johnny Pallot; Jean-Jacques Caboche; Patrick Benet; Patrick Lapointe; Edouard Roquette; Martine Deloffre | Email re discussions with attorney. | A/C; WP |
| RF P233 | 03/24/2003 | Brigitte Mouquet | Adrien Derreumaux; Hubert Dupas; Pierre-Xavier Lemaire; Antoine Olivier; Patrick Benet; Bruno Quenon | Email re Roquette/SPI issues. | A/C; WP |
| RF P234 | 01/09/2006 | Jean-Pierre LeCocq | Philippe Brassart; Patrick LaPointe; Bruno Quenon; Veronique Kajdas; Patrick Benet | Email re discussions with attorney. | A/C; WP |

A/C = Attorney Client Communication;
WP = Work Product

7

CONFIDENTIAL