# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: 302-571-3587
DIRECT FAX: 302-576-3551
jcastellano@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI

EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
RICHARD J. THOMAS
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

December 18, 2007

**VIA CM/ECF**

The Honorable Mary Pat Thynge
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Roquette Freres v. SPI Pharma, Inc., et al.*,
      <u>C.A. No. 06-540-***</u>

Dear Magistrate Judge Thynge:

     The Court has addressed and ruled on the deposition location issue raised by Roquette. Although it disagrees with the Court's September 14 Order, Roquette cannot (and does not) argue that the Court's ruling is unclear or ambiguous. On the contrary, Roquette quotes the Court's ruling in its opening letter ("However, I'm going to be ordering that Roquette produce its people here in the United States."), but then argues that it should not be required to obey that order in connection with the depositions of four "low level" employees. Roquette's position is unjustified and inconsistent with the Court's ruling. In addition, to avoid misleading the Court, SPI finds it necessary to correct several inaccurate statements made by Roquette in its opening letter.

**SPI Will Take A Total of Eight Fact Depositions**

     Roquette's statement that SPI has already conducted six depositions is wrong. To date, SPI has taken a total of four depositions – *viz.*, the two inventors of the patent-in-suit, a department manager identified in Roquette's initial disclosures as having knowledge regarding product testing, and the party Roquette through its Rule 30(b)(6) designees. SPI will depose four additional witnesses for a total of eight fact depositions. Roquette's vague assertion that SPI is

## YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
December 18, 2007
Page 2

somehow taking an excessive number of depositions is misleading as its reference to the "ten deposition" limit of Rule 30(A)(2)(A)(i).[1]

Roquette's assertion that "SPI has already exceeded 25 hours" of deposition testimony is inaccurate. SPI has calculated the duration of the testimony and it totals 21 hours and 10 minutes. Accordingly, SPI has not used even half of the allotted 45 hours for fact depositions, and Roquette's suggestion that SPI can spend only "an hour or so" with each of the four remaining fact witnesses is demonstrably not true. *See* Roquette Letter, p. 3.

Further, SPI strongly disagrees with Roquette's suggestion that the time expended on expert depositions is included within the 45 hours provided by the Scheduling Order. When they stipulated to the Scheduling Order, both parties understood that the 45-hour limit applied only to the time allotted to complete fact depositions and not to the parties' examination of expert witnesses. This understanding is confirmed by the fact that the Scheduling Order treats expert discovery in a separate section from the one imposing the 45-hour limit regarding fact witnesses, and it is consistent with the experience of SPI's counsel in patent cases and the Federal Rules of Civil Procedure.

**The Remaining Deponents Are Key Witnesses**

Roquette downplays the likely significance of the deposition testimony of the remaining witnesses as a justification for not requiring them to travel to the United States for their depositions. Besides being a complete *non sequitur*, Roquette's premise is false. For example, Mr. Lebihan is the only Roquette employee that actually performed the testing on SPI's Mannogem® EZ product. Because Roquette has produced scant documentary evidence of such testing, Mr. Lebihan's recollection of the experimental methods that he employed to test the accused product is important information in connection with SPI's noninfringement defense.[2] Similarly, SPI expects that the other three Roquette witnesses, each of whom was directly involved with the development of the alleged invention claimed in the patent-in-suit, will provide important testimony bearing on SPI's invalidity and/or unenforceability defenses. Some of these depositions will take at least half a day; others, such as Mr. Lebihan's deposition could require a full day. In all events, SPI can assure the Court that each of these witnesses will require more than "an hour or so," and their depositions will involve more than questions about "a lack of records," as Roquette asserts. *See* Roquette Letter, p. 3.

---

[1] To date, Roquette has taken the same number of depositions as SPI and it has indicated that it will depose two additional SPI employees.

[2] Roquette's assertion that Mr. Lebihan is a "newly noticed" witness is misleading. As explained in SPI's opening letter, SPI noticed Mr. Lebihan for deposition as early as October 30th, two weeks prior to the four depositions that SPI took in Washington DC in mid-November.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
December 18, 2007
Page 3

### The Least Burdensome Option For Either Party Is For Roquette To Provide Its Witnesses For Deposition In The United States

Roquette makes an arbitrary distinction between managerial and "low level" employees that is not contemplated either by section 3(b) of the Scheduling Order or the Court's September 14 ruling compelling Roquette to produce its witnesses for deposition in the United States. The Court expressly construed section 3(b) to mean that "all the depositions are supposed to happen here [in the United States]." Roquette's assertion that section 3(b) of the Scheduling Order contemplates only "that a party would produce [for deposition] an officer, director, or managing agent for deposition in the United States" directly contradicts the Court's stated construction and is in willful disregard of the Court's unambiguous ruling on this question.

Further, Roquette's entire premise is misplaced. First, no matter where the depositions are located, the Roquette witnesses will have to be absent from work for a couple of days. By Roquette's own admission, these witnesses are "low level" employees and their absence from work for an extra day due to travel to the United States is unlikely to have any impact on Roquette's business operations. As a convenience, the Court has allowed Roquette to choose a location for the depositions anywhere in the United States and, as previously offered, counsel for SPI can make its offices available in Washington DC to conduct the depositions. Second, the expense that Roquette may incur to produce its four witnesses in the United States is probably the same, or less, than it will incur by having two of its U.S.-based outside counsel travel overseas to defend the depositions in France or England. Roquette's argument that it will be incurring unreasonable expenses by producing its witnesses in the United States is unsupported.

Most egregiously, Roquette somehow thinks it fair to foist unnecessary costs and burdens on SPI, when Roquette, as plaintiff, brought suit against SPI in this forum. SPI's costs to defend itself against Roquette's baseless infringement allegations are already high. Roquette appears to want to drive up those costs and protract these proceedings as a litigation tactic, and that is fundamentally unfair. Moreover, at this juncture, when the Court already has ruled on this issue and required Roquette to produce its witnesses in the United States, Roquette's continued refusal to produce its remaining witnesses in the United States is indefensible.

Again, we respectfully urge the Court to order that all remaining Roquette witnesses be promptly produced for deposition at a mutually agreeable location in the United States.

Respectfully submitted,

Jeffrey T. Castellano (No. 4837)

JTC:mcm

DB02:6446024.1                                                                                           064409.1002

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Mary Pat Thynge
December 18, 2007
Page 4

cc:   Clerk, U.S. District Court (By CM/ECF and Hand Delivery)
      Mary B. Graham, Esq. (By CM/ECF, E-mail and Hand Delivery)
      Julia Heaney, Esq. (By CM/ECF, E-mail and Hand Delivery)
      Douglas V. Rigler, Esq. (By E-mail)