## Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

April 7, 2007

**BY E-FILING**

Judge Magistrate Mary Pat Thynge
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Roquette Frères v. SPI Pharma, Inc., et al.*
        C.A. 06-540 (GMS)

Dear Magistrate Judge Thynge:

This responds to SPI Pharma Inc.'s April 4 letter which attempts to cause Your Honor to enter a scheduling order that is beyond the terms of Judge Sleet's reference Order. Rather than raising any actual discovery issue, SPI's letter appears in part to be a ploy to obtain unnecessary and unwarranted relief from SPI's own <u>voluntary</u> action in serving its expert reports prior to any requirement that it do so.

On February 7, 2008, Judge Sleet issued an Order stating, "**1. All Scheduling Orders previously entered, which set forth pretrial deadlines and/or a trial date, are hereby rescinded.**" (emphasis added.) Judge Sleet's Order further provided "(3). If there are no pending motions, the court will schedule a Rule 16 conference in order to establish discovery deadlines and a trial date;" "(5). On a case-by-case basis, the court will refer appropriate cases and matters (including for mediation) to the magistrate judges;" and "(6). The court will issue case-specific orders, consistent with the above, in due course."

Notwithstanding the unambiguous terms of Judge Sleet's Order, SPI's counsel wrote to Roquette on March 3, requesting that Roquette join in a letter to Judge Sleet requesting an immediate scheduling conference. SPI's proposed joint letter also requested unspecified action regarding SPI's unilateral service of its expert reports on February 15, notwithstanding the unambiguous direction in Judge Sleet's Order of February 7, that previously set pretrial deadlines were rescinded. Roquette replied that it would not join in the letter which disregarded Judge Sleet's Order and its understanding of his preference that counsel not contact chambers to request scheduling conferences except in emergency situations.

On March 10, SPI requested once again that Roquette join in a letter, and stated that if Roquette did not agree within one working day, it would send the letter to Judge Sleet unilaterally. However, in apparent further consideration of Judge Sleet's clear Orders, SPI did not do so.

On April 2, this action was re-assigned to Your Honor for the purposes of "(1) hearing and determining all motions to dismiss and judgment on the pleadings …;" "(2) hearing and determining all discovery disputes," and "(3) conducting alternative dispute resolution." The terms of that reference do not include amending the trial scheduling order, consideration of claim construction issues, nor dispositive motions other than motions to dismiss and Rule 12 motions.

On April 3, SPI informed Roquette that it intended to ask Your Honor to enter "a new scheduling order for the remaining phases of this case" as well as to address a non-existent issue pertaining to SPI's voluntary service of its expert reports. Once again, Roquette was given one working day in which to agree to a letter which was obviously inconsistent with Judge Sleet's reference Order.

As is apparent, SPI has not raised any discovery dispute. But it has asked the Court to issue a new Scheduling Order even to the extent of scheduling the case for trial, notwithstanding our reminder to SPI that these scheduling matters are not within the terms of the reference to Your Honor.

Although suggesting that its service of its expert reports somehow deserves the attention of the Court, SPI has not raised any discovery dispute. A word of background is in order. Although the parties had agreed to exchange expert reports on February 15, Judge Sleet's Order of February 7 unequivocally rescinded all prior scheduled dates for exchange of expert reports. SPI may have failed to note the terms of Judge Sleet's Order but, in any event, it served expert reports on February 15. When it realized that Roquette had not served expert reports, there followed a series of increasingly strident demand letters and telephone calls from SPI implying that Roquette should also have served expert reports and had behaved improperly.

Roquette pointed out that even under the prior Scheduling Order, SPI had the option of filing its expert reports in advance of the exchange date if SPI wished to do so. Roquette pointed out that the schedule and "all pretrial deadlines" had been suspended; that it was under no obligation to produce its expert reports on February 15; and that it was under no restriction to forego review of the expert reports which SPI had served. <u>Nonetheless, and solely as a matter of accommodation, Roquette informed SPI that it would not distribute the SPI expert reports to Roquette's experts nor would counsel for Roquette read the reports until Roquette served its expert reports in accordance with a schedule to be established by Judge Sleet</u>. Accordingly, there is no basis for SPI even to have included this subject matter in its letter.

As to the DryTec defendants' motion to dismiss and SPI's motion to add a counterclaim of unenforceability, (including Roquette's opposition and motion for sur-reply), those matters are properly before Your Honor for decisions – decisions which will affect Judge Sleet's revised scheduling order. However, these motions are briefed and do not require a conference.

Magistrate Judge Mary Pat Thynge
April 7, 2008
Page 3

Respectfully,

*Julia Heaney*

Julia Heaney

JH:ncf

cc:    Dr. Peter Dalleo, Clerk (By hand delivery)
       John W. Shaw (By e-mail)
       Oren D. Langer (By e-mail)

2284929