# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

May 15, 2008

**BY E-FILING**

The Honorable Mary Pat Thynge
United States District Court
    for the District of Delaware
844 King Street
Wilmington, DE 19801

    Re: *Roquette Frères v. SPI Pharma, Inc., et al.*
          C.A. 06-540 (GMS/MPT)

Dear Magistrate Judge Thynge:

    We write in response to SPI's letter and proposed Scheduling Order (D.I. 184), which Roquette considers to be inconsistent with the rulings Your Honor entered during the April 28 discovery conference. An alternative proposed Scheduling Order, which Roquette believes accurately reflects Your Honor's rulings, is enclosed.

    Roquette has accused Pharmaburst C1 and Mannitol HS separately and under different claims of the patent-in-suit, and has provided SPI with detailed claim charts giving Roquette's bases for its allegations as to each product. In advance of the April 28 conference, Roquette submitted to the Court those claim charts as well as its Second Set of Document Requests which called for documents pertaining to those accused products. (D.I. 178 at Exhs. A and C, respectively).

    The subject of the April 28 conference was SPI's refusal to produce the requested documents and its refusal to permit its witnesses to answer questions pertaining to the HS and C1 products. (*See* D.I. 178 at 1). SPI's sole argument of undue delay was rejected by the Court and Your Honor ordered SPI to produce the information and to present specified witnesses in Delaware for deposition.

    Since then, Roquette has worked cooperatively with SPI to accommodate SPI's requests for modified schedule dates and deposition locations, and promptly supplied the new Rule 30(b)(6) deposition Notice as requested by Your Honor.

    The three remaining issues in dispute are as follows:

The Honorable Mary Pat Thynge
May 15, 2008
Page 2 of 3

        1.    SPI's proposed Order inaccurately and ambiguously restricts its ordered production of documents (¶ 1.a. of its proposed Order) and witnesses' deposition testimony (¶ 1.b. of its proposed order) to information pertaining to Mannitol HS that is *"in relationship to Pharmaburst C1."*

        SPI's proposed Order omits entirely its obligation to produce discovery pertaining to the accused C1 product.

        With respect to the accused HS product, SPI's proposed Order would permit SPI to arbitrarily withhold relevant information regarding HS that SPI <u>unilaterally</u> deems not to be "in relationship to Pharmaburst C1." SPI represented to the Court that "Mannitol HS is only in Pharmaburst C1" and is a "primary ingredient" in C1. (April 28 Tr. at 5: 3-4 and 19:17-18, respectively). Given those representations, Roquette considers that *all* of SPI's information that pertains to the accused Mannitol HS product would necessarily be "in relationship to" the separately accused C1 product. <u>Roquette requested SPI to explain its intended meaning of that phrase and received no reply</u>.

        Moreover, Your Honor further ordered SPI to produce "other information that [SPI] already produced in relationship to Mannogem EZ." (April 28 Tr. at 26:17-18). The categories of information which SPI produced in relationship to Mannogem EZ are largely encompassed by Roquette's Second Set of Document Requests.

        While the Court did use the phrase "in relationship to C1" during the April 28 conference (April 28 Tr. at 26:14), SPI's use of that phrase in its proposed Order, without the context of the overall discovery dispute conference, is misleading. Roquette does not believe that the Court intended to permit SPI to unilaterally and arbitrarily restrict its production of discovery on HS, and withhold entirely its production of discovery on C1, given that each of those products is specifically and separately accused in this case.

        2.    SPI's proposed Order omits Your Honor's ruling that the Court is inclined to order SPI to produce its Drug Master Files for Pharmaburst B1 and B2. (April 28 Tr. at 16:3-11). Although counsel for SPI requested Your Honor to consider a stipulation in lieu of producing the Drug Master Files, as of this date, some 17 days after SPI's offer, Roquette has received no proposed stipulation nor any communication discussing such a proposed stipulation – only a refusal to produce the files for B1 and B2.

        The enclosed proposed Order accurately reflects that SPI may withhold its Drug Master Files if it timely provides Roquette with a <u>mutually</u> satisfactory stipulation.

        3.    Paragraph 4 of SPI's proposed Order, which suggests that Your Honor has authorized the parties to contact Judge Sleet for further scheduling purposes, is not based upon any ruling made by Your Honor and is contrary to Judge Sleet's standing order posted on his website that Chambers are to be contacted only in exceptional situations where scheduling <u>relief</u> is sought.

        At the conclusion of the April 28 conference, the Court advised the parties that further scheduling was beyond the scope of the referral to Your Honor and that the parties would

need to deal directly with Judge Sleet on those matters. (April 28 Tr. at 39:12 – 40:3). Roquette does not believe that the Court's advisement was intended as an Order which would supplant Judge Sleet's standing Order regarding contacting Chambers.

SPI remains delinquent in its ordered production of documents pertaining to the accused B1 and B2 products, which counsel for SPI informed the Court that it was prepared to produce within two to three weeks of the conference. (April 28 Tr. at 14:11-13). Rather, since the April 28 conference, SPI has only provided requests for schedule modifications, location changes and a string of changing draft proposed Orders (including an initial proposed discovery cut-off date that was earlier than the date SPI itself proposed during the conference) – <u>but not a single document</u>.

It is apparent that SPI's objective is to attempt to close discovery while avoiding or limiting discovery on the accused B1, B2, C1 and HS products.

Roquette is eager to have Judge Sleet set a trial schedule once discovery, including expert discovery, is completed, but SPI's repeated attempts to place Your Honor in the posture of interceding with Judge Sleet, or suggesting that Your Honor is urging Judge Sleet to take immediate action, is unnecessary, inconsistent with any ruling Your Honor has made, and contrary to Judge Sleet's own standing Order which he has prominently posted on his website.

Respectfully,

Julia Heaney

Enclosure

JH:ncf

cc: Dr. Peter Dalleo, Clerk (By hand delivery)
John W. Shaw (By e-mail)
Oren D. Langer (By e-mail)

2330953

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROQUETTE FRÈRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-540 (GMS/MPT) |
| | ) |
| SPI PHARMA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] SCHEDULING ORDER**

WHEREFORE on this _____ day of _____, 2008, the Court having conducted a telephone conference with the parties on April 28, 2008, and the Court having issued certain rulings during that telephone conference setting new scheduled dates;

IT IS ORDERED that:

1.  **Fact Discovery**

    a.  <u>Document Discovery</u>: SPI Pharma, Inc. shall produce on or before May 30, 2008 all documents responsive to Plaintiff's Second Set of Document Requests pertaining to Mannitol™ HS and Pharmaburst™ C1, and all information regarding Mannitol HS and Pharmaburst™ C1 which is of the type that SPI Pharma, Inc. previously produced in relationship to Mannogem™ EZ, including any Drug Master File for Mannitol HS.

    SPI also shall produce on or before May 30, 2008 all information regarding product, quantity purchased and price received, and all sales documents through April, 2008, pertaining to Pharmaburst™ B1 and Pharmaburst™ B2.

    SPI also shall produce on or before May 30, 2008, all Drug Master Files pertaining to Pharmaburst™ B1 and/or Pharmaburst™ B2 unless a mutually satisfactory stipulation regarding infringement by Pharmaburst™ B1 and B2 has been executed by the parties by that date.

b. <u>Depositions</u>. Plaintiff may depose Arun Amin, Colleen Blackney, Paul LoPresto and Peter Dickinson concerning Mannitol HS and Pharmaburst™ C1. SPI Pharma, Inc. shall designate one or more of those witnesses to testify on its behalf pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and shall identify each person who is prepared, capable and designated to testify regarding each topic set forth in Plaintiff's Rule 30(b)(6) Notice of Deposition at least forty-eight (48) hours in advance of the deposition.

c. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before June 30, 2008.

2. **Expert Discovery**

a. <u>Disclosure of Expert Testimony</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before June 30, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before July 21, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

b. All depositions of persons providing expert testimony under Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be completed on or before August 15, 2008, unless the parties agree to extend such deadline.

3. **Deposition Practice.** Deposition length shall be governed by the Federal Rules of Civil Procedure.

2330958

_____
UNITED STATES MAGISTRATE JUDGE